BOYD, APPELLANT, *v.*
AMERICAN FREIGHT SYSTEMS ET AL.,
APPELLEES.

(No. 10869—Decided
July 11, 1988.)

*David L. Hall,* for appellant.
*Robert T. Dunlevey, Jr.,* for appellee American Freight Systems.
*Anthony J. Celebrezze, Jr.,* attorney general, and *William D. Haders,* for appellee Bureau of Employment Services.

FAIN, J. Aaron T. Boyd, appellant, appeals from a judgment of the trial court affirming the decision of the Unemployment Compensation Board of Review denying him unemployment compensation benefits. Boyd claims that the trial court should have reversed the board of review because the board of review considered evidence of an extensive previous disciplinary history, which was irrelevant, and because the board of review failed to consider its previous decision with respect to another employee who was

similarly situated, as required by R.C. 4141.28(F). We conclude that R.C. 4141.28(F) does not require that the board of review follow its prior decisions. However, we conclude that the board of review did improperly consider Boyd's extensive previous disciplinary history in reaching its conclusion that there was just cause for Boyd's discharge. Accordingly, the judgment of the trial court will be reversed, and this court will enter the judgment that the trial court should have rendered, reversing the decision of the board of review and remanding this matter to the board of review for further proceedings.

I

Boyd and another employee of American Freight Systems were stopped one summer night while returning from a break and were accused of taking a break in excess of the allotted time. During the ensuing discussion, Tom Jones, a supervisor, detected the odor of alcohol. Both employees were then requested to submit to a sobriety test.

Boyd asserts, and appellee Administrator of the Ohio Bureau of Employment Services ("administrator") does not dispute, that the circumstances surrounding the alleged refusal to take the sobriety test were identical in the case of Boyd and his fellow employee, William L. Keener. Both employees wanted to consult with their union business agent or another union steward, and although an alternate union steward was available and did consult with the employees, he was not certain as to the rules governing the employer's right to demand a sobriety test. Therefore, both employees insisted that they have an opportunity to consult with either the business agent or the regular union steward before taking the sobriety test. The employer was not willing to wait until the

business agent or the regular union steward was available, and so both employees were discharged for refusal to take the sobriety test.

The employment contract covering both Boyd and Keener provides that an employee may be discharged without notice for drunkenness, and further provides that an employee's refusal to take a sobriety test establishes a presumption of drunkeness. Both Boyd and Keener were discharged because of their refusal to submit to a sobriety test.

Both employees applied for unemployment compensation benefits. The ultimate decision of the administrator was to allow the claim of each employee on the grounds that each employee had been discharged without just cause.

The employer appealed both cases to the board of review. Keener's case was decided first by the board of review on February 20, 1987. The board of review held that Keener was entitled to benefits. The board of review held that Keener did not refuse to take the sobriety test, which would have been just cause for his discharge, but that he merely made a reasonable request for the presence of a union steward or a business agent during the test. The board of review found that Keener's insistence that a union steward or a business agent be present during the test was not a refusal to take the test as contemplated by the contract provision providing for discharge.

Boyd's case was decided by the board of review on August 13, 1987. The board of review held that Boyd was not entitled to benefits, on the grounds that his insistence that a union steward or business agent be present was not a reasonable justification for his refusing to take the test, so that Boyd did refuse to take the sobriety test within the contemplation of the contract provision providing for discharge for refusal to take the sobriety test.

In concluding that Boyd was discharged for just cause, the board of review made the following statements:

"* * * Furthermore, as was noted by the Referee, the claimant had a long history of other work related problems. The refusal to take a sobriety test alone warranted the claimant's termination from employment. Even if, however, this was not sufficient, considering the claimant's long previous discipline record, the fact that he had violated the employer's break policy on this particular evening would again justify further disciplinary action. The Board of Review must conclude, as did the Referee, that the claimant was discharged by American Freight Systems, Inc., for just cause in connection with work. * * *"

Boyd appealed to the Montgomery County Court of Common Pleas, and the trial court affirmed the decision by the board of review. From the trial court's decision. Boyd has appealed to this court.

II

We shall first consider Boyd's second assignment of error, which is as follows:

"The Common Pleas Court of Montgomery County improperly failed to find that it was prejudicial error to admit into evidence all of the employment history of claimant."

Boyd claims that the board of review improperly considered his lengthy disciplinary record in connection with determining whether there was just cause for his discharge.

It is clear from the August 18, 1986 letter confirming Boyd's discharge, as well as from the employer's response to the bureau's Request to Employer for Wage and Separation Information, that Boyd was discharged

solely for refusal to take a sobriety test. We agree with Boyd that the proper test is whether the employer's actual reason for discharging its employee is reasonable and just, not whether the employer might have had reasonable and just grounds for discharging its employee. If an employer discharges an employee because he has red hair, the Bureau of Employment Services should not determine that the employer could have discharged the employee for some legitimate reason; rather, it should simply determine that the employer's actual reason for discharging the employee was not just cause, and allow benefits.

In this case, the board of review, in its decision, held that Boyd refused to take a sobriety test, and held that his refusal to take a sobriety test, by itself, was a just cause for his discharge. Therefore, the administrator argues that the board of review's admitting into evidence Boyd's lengthy disciplinary record was harmless, since that evidence was not material to the board of review's decision. The record in this case, however, impels us to the opposite conclusion.

Although the board of review states in its decision that Boyd's refusal to take the sobriety test, by itself, was just cause for his discharge, the decision also stresses his lengthy previous disciplinary record. In addition, the board of review reached inconsistent results in the Boyd and Keener cases, even though the underlying facts were the same. In Boyd's case, the board of review found that Boyd's insistence that either a union steward or the union business agent be present during the sobriety test constituted a refusal to take the test; in Keener's case, on the same facts, the board of review found that Keener's similar insistence that either a union steward or the union business agent be present during the sobriety test did not constitute a refusal to take the sobriety test. Although we conclude that it is not reversible error for the board of review to reach inconsistent results in different cases (see Part III of this opinion), that circumstance, combined with the references in the board of review's decision to Boyd's extensive disciplinary record, impels us to the conclusion that the board of review did, in fact, consider Boyd's extensive disciplinary record in reaching its conclusion.

Since we agree with Boyd that it was not proper for the board of review to consider his previous disciplinary record in determining whether the employer's grounds for discharging him (his refusal to take a sobriety test) constituted just cause, we conclude that the decision of the board of review was unlawful and unreasonable, in accordance with R.C. 4141.28(O), so that the trial court should have reversed the board of review's decision. In failing to do so, the trial court erred as a matter of law.

Boyd's second assignment of error is sustained.

### III

Boyd's first assignment of error is as follows:

"The Court of Common Pleas of Montgomery County, Ohio, incorrectly interpreted Ohio statutory law and failed to apply the proper standard to receive offered evidence.

"A. The Court of Common Pleas of Montgomery County, Ohio incorrectly interpreted and applied Ohio statutory law.

"B. The Court of Common Pleas of Montgomery County, Ohio failed to apply the proper standard to receive offered evidence."

Under this assignment of error, Boyd argues that the trial court should have reversed the board of review's

decision, because the board of review failed to consider its decision in William Keener's case, which Boyd had proffered in evidence.

Boyd relied upon R.C. 4141.28(F), which provides as follows:

"In making determinations on applications for determination of benefit rights and claims for benefits the administrator and his deputy shall follow decisions of the unemployment compensation board of review which have become final with respect to claimants similarly situated."

Boyd argues that Keener was a claimant similarly situated and that the above-quoted statutory provision required the board of review to follow its previous decision in Keener's case.

As noted in Part II of this opinion, we agree with Boyd that the board of review's decision in Keener's case was inconsistent with its decision in Boyd's case. We agree with Boyd that he and Keener were similarly situated claimants. Although Boyd, unlike Keener, had a lengthy disciplinary record, that was not a relevant consideration, since Boyd was not discharged for that reason.

However, we agree with the administrator that R.C. 4141.28(F) does not require the board of review to follow its prior decisions with respect to claimants similarly situated. That provision of the statute is addressed to the administrator and his deputy. We agree with the administrator that it is analogous to the principle that a lower court is bound by the decisions of the higher courts having jurisdiction over it. It is, of course, good jurisprudence for a court ordinarily to follow its own previous decisions — the principle of *stare decisis* — but a court's prior decisions are not binding upon it.

We are aware of no authority, and Boyd has not directed us to any authority, that would require a judicial body or a quasi-judicial body, as a matter of law, to follow its prior decisions even in identical cases. While it does seem regrettable that the same quasi-judicial body should reach inconsistent results in two identical cases arising out of the same facts, we are not aware of any authority that would require either outcome to be reversed simply for the reason that the two outcomes are inconsistent. Indeed, if neither outcome were reversible but for the fact that they were inconsistent, an obvious problem would arise in determining which of the two outcomes to reverse, since the reversal of either one would cure the inconsistency.

Boyd cites *Ash* v. *Bd. of Review* (1986), 26 Ohio St. 3d 158, 26 OBR 136, 497 N.E. 2d 724, for the proposition that the board of review is required, pursuant to R.C. 4141.28(F), to follow its prior decisions with respect to claimants similarly situated. We conclude that Boyd's reliance upon *Ash* is misplaced. In *Ash*, the issue was whether a change in Ohio statutory law to bring it into conformity with federal statutory law justified the administrator in failing to comply with his duty to follow decisions of the board of review pursuant to R.C. 4141.28(F), when the change in the Ohio statutory law was not, by its terms, retroactive. It was clear in *Ash* that the administrator considered himself obliged to follow, in pending cases, the statutory amendments made in response to changes in the federal law, even though those statutory amendments were intended by the General Assembly to apply prospectively. The Supreme Court held that the administrator should not have followed the new statutory law in cases pending on the effective date of the statutory amendment, but should, instead, have complied with his duty to follow the decisions of the board of review in similar cases, pursuant to R.C. 4141.28(F). Thus, *Ash* did not in-

volve inconsistent decisions by the board of review. In *Ash,* the board of review, in upholding the administrator's decision, made it clear that it concluded, erroneously according to the Supreme Court, that the administrator had had no choice but to ignore the previous decisions of the board of review, in view of the changes in the federal law. *Id.* at 161, 26 OBR at 139, 497 N.E. 2d at 727.

We hold that the board of review's having reached inconsistent results in two cases arising out of identical facts, while regrettable, is not reversible error. Accordingly, the trial court did not err when it failed to reverse the decision by the board of review on the grounds that the board of review failed to consider its previous decision in the Keener case.

## IV

Boyd's second assignment of error having been sustained, the judgment of the trial court will be reversed, and this court will enter the judgment which the trial court should have rendered, to which Boyd is entitled as a matter of law, reversing the decision of the board of review and remanding the matter to the board of review for determination of the issue of whether Boyd was discharged for just cause, without consideration of Boyd's prior disciplinary record.

*Judgment reversed
and cause remanded.*

KERNS, J., concurs in judgment.

WILSON, J., dissents.

KERNS, P.J., concurring in judgment. While concurring in the judgment, I do so with a full realization that remand to the board of review may prove to be an empty victory for the claimant in this case. In the usual proceedings, the refusal to take the sobriety test would constitute "just cause" for discharge, but from the record in this case, we cannot determine whether the action of the board of review was traceable to the refusal of Boyd to take the sobriety test or to his poor work record and past disciplinary problems. Hence, the remand to the board of review will serve to clarify, at least, whether its references to prior disciplinary action against Boyd were critical in its determination or mere surplusage.