PICKETT, APPELLANT, *v.*
UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW ET AL.,
APPELLEES.

(No. 55527—Decided
July 24, 1989.)

*Shapiro, Turoff, Gisser & Belkin* and *Alan Belkin,* for appellant.
*Anthony J. Celebrezze, Jr.,* at-

---

torney general, and *Merrill H. Henkin,* for appellees.

DYKE, J. Unemployment benefits were denied appellant, Ronald Pickett, because the appellee, the Ohio Bureau of Employment Services ("bureau"), determined that Ford Motor Company ("Ford") discharged him for just cause. Upon reconsideration the decision was affirmed. After a hearing, a referee reversed, but after a second hearing the Unemployment Compensation Board of Review held that the discharge was for just cause. The court of common pleas affirmed. Pickett raises the following assignment of error:

"The trial court erred in affirming the decision of the board of review. The [decision of the] board of review was unreasonable, unlawful and contrary to the evidence."

Appellant was discharged on March 3, 1981 for overstaying his lunch period. At the first bureau hearing on July 6, 1981, Thomas Wood of Ford testified that progressive discipline was required by the collective bargaining agreement and that the records show that appellant had previously been discharged on September 4, 1979 for the same offense, but was reinstated. He noted that after three years all violations are removed from the record and all the steps have to be within three years.

The referee granted benefits and concluded that the discharge was not for just cause because he was not afforded all the steps in the discipline process.

On appeal to the board of review, Ford cited the plant rules and argued that progressive discipline was unnecessary when Ford discharges someone for the second time for the same offense. It argued that although violations committed before the 1979 discharge were irrelevant, the 1979 discharge was still "in effect" and pro-gressive discipline was not necessary as in the 1979 discharge.

The board of review concluded that appellant was discharged for just cause in 1981 for repeatedly returning late from lunch and that he had been previously discharged for that offense.

The plant rules cited do not mention progressive discipline. After the 1979 discharge appellant was reinstated with the condition that he could be discharged at once for any violation within one year of the 1979 reinstatement. He was not discharged for a violation within that year. Therefore, the tardiness punished by the discharge in 1979 was only one of three tardinesses in eighteen months. As Ford conceded, violations prior to the 1979 discharge are irrelevant. Although the 1979 tardiness is still on his record, there is nothing to show that appellant was subject to immediate dismissal if he were tardy twice more in the next eighteen months. Appellant had two other kinds of violations in the three years before the 1981 discharge, but Ford specifically stated (and the board of review found) that appellant was discharged because he had a serious record for tardiness.

The court of common pleas was limited in determining whether the board's decision was unlawful, unreasonable or against the manifest weight of the evidence. R.C. 4141.28(O). The board of review concluded that appellant was discharged for just cause in 1981 for repeatedly returning late from lunch and had been previously discharged for the same offense. The court of common pleas affirmed.

"Just cause" is " 'that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.' " *Irvine* v. *Unemp. Comp. Bd. of Review* (1985), 19 Ohio St. 3d 15, 17, 19 OBR 12, 14, 482 N.E. 2d 587, 589, quoting *Peyton* v. *Sun T.V.* (1975), 44 Ohio App. 2d 10,

12, 73 O.O. 2d 8, 9, 335 N.E. 2d 751, 752.

A failure to follow a mandatory progressive discipline procedure resulted in a discharge without just cause in *Interstate Brands Corp.* v. *Cogar* (June 13, 1985), Cuyahoga App. No. 48704, unreported.

Despite Ford's contention that appellant could be discharged summarily because he had previously been discharged, there is nothing in the record to justify ignoring the progressive discipline requirement. Appellant was not operating under a "last chance" agreement in which he could be discharged for a first offense. If Ford meant to testify that he was, the reinstatement letter belies that contention.

Appellant had not had seven violations within three years. Although some violations can subject an employee to immediate discharge (*e.g.*, theft), overstaying lunch is not one of them. The decision of the board of review was unlawful, unreasonable and against the manifest weight of the evidence. Appellant was discharged without just cause. The decision of the trial court is reversed and the initial decision of the board of review to grant benefits is reinstated.[1]

*Judgment reversed.*

STILLMAN and WIEST, JJ., concur.

---

[1] Ford argued at both hearings that appellant had withdrawn his grievance in exchange for Ford's giving him his pension and changing his record to reflect a "voluntary quit." Neither the board of review nor the common pleas court mentions it. However, in this case appellant testified that he did so because he was refused work when his record reflected a discharge. Since he acted reasonably in light of the need to find work and the stigma of what this court has determined was an unjust discharge the quit is considered to have been for just cause.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment.

MARK K. WIEST, J., of the Wayne County Court of Common Pleas, sitting by assignment.