DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Christina Gualtieri appeals an order of the Summit County Court of Common Pleas that affirmed the denial of unemployment compensation by the Ohio Bureau of Employment Services. We affirm.
Appellant was employed for approximately seventeen years by Stouffer Foods Corporation ("Stouffer") as an operator of an Amerio industrial flash freezer. On January 15, 1997, maintenance was called to adjust the freezer plates to accommodate large food packages. The mechanic shut off power to the freezer and placed a "danger" tag over the power switch. Although company policy provided that only the maintenance employee who placed the tag on the machine could remove it when repairs were completed, Appellant removed the tag and restarted the machine herself, without direction or approval by the mechanic who placed the tag. Plant maintenance notified Appellant's supervisors. She was immediately suspended, then terminated.
On January 24, 1997, Appellant applied for unemployment compensation. On February 27, 1997, her application was denied because her discharge was "justifiable" within the meaning of R.C.4141.29(D)(2)(a). Appellant requested reconsideration of the Bureau's decision. Upon reconsideration, the prior decision was affirmed. Appellant then appealed to the Bureau of Employment Services Board of Review ("the Board"). The Board affirmed the decision following a hearing. Appellant appealed to the Summit County Court of Common Pleas, which affirmed the denial of benefits on May 6, 1998. Appellant timely appealed to this court and raises two assignments of error.
 ASSIGNMENT OF ERROR I
The court erred in failing to apply the single incident rule in this case.
 ASSIGNMENT OF ERROR II
The court erred in not applying the progressive discipline rule.
 Appellant has argued that the decision of the lower court was against the manifest weight of the evidence because the court upheld the Board's determination that she was discharged for just cause (1) despite the fact that the safety violation was a single instance of misconduct, and (2) without considering that Stouffer did not apply its progressive discipline procedures to Appellant's conduct.
Appellant was denied unemployment benefits pursuant to R.C.4141.29(D)(2)(a), which provides that no benefits may be paid to a person who "has been discharged for just cause in connection with the individual's work." For the purposes of this statute, just cause "is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act."Irvine v. Unemployment Comp. Bd. of Rev. (1985), 19 Ohio St.3d 15,17, quoting Peyton v. Sun T.V. (1975), 44 Ohio App.2d 10, 12. Just cause is predicated upon employee fault. Durgan v. Ohio Bur.of Emp. Serv. (1996), 110 Ohio App.3d 545, 549. This court may reverse the Board's determination that Appellant was discharged for just cause only if it is "unlawful, unreasonable, or against the manifest weight of the evidence." Tzangas, Plakas, Mannosv. Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, paragraph one of the syllabus. If the evidence supports the Board's conclusion, a reviewing court may not substitute its own findings of fact. Durgan v. Ohio Bur. of Emp. Serv.,110 Ohio App.3d at 551.
This court applies the same standard in determining whether both criminal and civil judgments are against the manifest weight of the evidence. Lagasse v. Yaeger (Sept. 9, 1998), Lorain App. No. 97CA006774, unreported, at 3; Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. We must, therefore:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.
Lagasse, supra at 4, quoting State v. Otten (1986), 33 Ohio App.3d 339,340. This action is reserved for the exceptional case, where the judgment is "so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice[.]"Hardiman v. Zep Mfg. Co. (1984), 14 Ohio App.3d 222, 226, quotingRoyer v. Bd. of Edn. (1977), 51 Ohio App.2d 17, 20.
Stouffer's tag-out policy provided that maintenance personnel should switch off the power supply to any piece of equipment undergoing repair. After switching off the power, the mechanic was to place a large tag over the power switch. These tags read, "DANGER DO NOT REMOVE THIS TAG[.] TO REMOVE THIS TAG WITHOUT AUTHORITY WILL MEAN DISCIPLINARY ACTION[.] It is here for a purpose." The reverse side read, "DANGER HANDS OFF DO NOT OPERATE."
On January 15, 1997, Mechanic Norm Duesler tagged freezer number nine, which was operated by Appellant. Duesler went into the machine and switched on the interior lights, which act as a further safety precaution by preventing operation of the freezer. Duesler adjusted the tray size, exited the freezer, and switched off the light. It is unclear whether he was alone while the maintenance was completed. As Duesler took several steps away from the freezer, he noticed that the danger tag had been removed and that the freezer was operational. He confronted Appellant, who admitted that she had removed the danger tag. She stated that she was fully aware of the "tag-out" rule.
Appellant has argued that on prior occasions she was permitted to remove danger tags at the request of the mechanic who placed them on the freezer. In the incident that led to her discharge, however, she conceded that Duesler did not instruct her to remove the tag and that she did not ask his permission to do so. She has also argued that there was no danger to Duesler when she removed the tag. As a result, she has maintained that discharge was an inappropriate response to her action. The evidence was unclear with respect to whether Duesler was alone throughout the course of the repair. Although Appellant stated that she could see into the freezer from her location, this assertion was contradicted by two other Stouffer employees.
Appellant maintains that this was her first safety violation as a Stouffer employee. Consequently, she argues that the Board erred by failing to construe the evidence in light of the "single incident rule." Prior to this incident, Appellant had received a verbal warning for a quality control violation. Assuming that this was a single incident of safety-related misconduct, we are not persuaded by Appellant's contention that this fact alone renders the Board's conclusion in error.
Despite Appellant's broad assertion that "one may not be discharged for a solitary incident of misconduct," R.C.4141.29(D)(2)(a) does not require more than one incident of misconduct to establish just cause. The Sixth District Court of Appeals has observed that:
 Every case contesting the finding of just cause to deny unemployment compensation benefits must be judged individually, with the particular circumstances of that case being the determinative factors. It cannot be stated, as a general rule, that a single incident of misconduct is not enough to deny unemployment compensation benefits.
Neilsen v. KBI Corp./Ohio Materials (June 18, 1982), Lucas App. No. L-82-063, unreported, 1982 Ohio App. LEXIS No. 11631 at *15. See, also, Hoffacher v. Pace Engineering (Dec. 18, 1987), Geauga App. No. 1376, unreported, 1987 Ohio App. LEXIS 10130 at *7 (holding that termination following a single incident of insubordination was for just cause); Laughbaum v. Bd. of Rev.,Ohio Bd. of Emp. Serv. (Aug. 28, 1985), Crawford App. No. 3-84-16, unreported, 1985 Ohio App. LEXIS No. 8679 at *6-7 (observing that Ohio does not have a general rule that requires employee fault to be shown by incidents of repeated misconduct); Lashaway v. MidAmerican Natl. Bank Trust Co. (June 19, 1981), Wood App. No. WD-80-62, unreported, 1981 Ohio App. LEXIS 13566 at *6 (noting that the seriousness of the misconduct must be considered in every case and that a single incident of misconduct does not require a determination that the termination was not for just cause).
Appellant relies on Hepner v. Bd. of Rev. (July 20, 1978), Cuyahoga App. No. 37592, unreported, 1978 Ohio App. LEXIS 10014 at *13, for the proposition that courts generally do not find just cause based on a single incident of misconduct. However inaccurate this statement may be with respect to Ohio law, Hepner
and its progeny are factually distinguishable from this case.Hepner dealt specifically with a discharge based on an incident of insubordination involving the use of profanity. The cases that have followed Hepner's reasoning are largely limited to analogous fact patterns. See, e.g., Lombardo v. Ohio Bur. of Emp. Serv.
(1997), 119 Ohio App.3d 217, 221-23 (discussing a single incident of profanity as just cause for discharge under Ohio law). In addition, the Eight District Court of Appeals noted in Hepner that the employee's conduct constituted "a single incident of relatively nonserious hotheadedness." Hepner, supra, at *13. The court did not divorce its holding from the seriousness of the employee's conduct or the circumstances surrounding the discharge. See id. See, also, Lombardo v. Ohio Bur. of Emp. Serv.,119 Ohio App.3d at 221-23; Wilson v. Bd. of Rev. (1984), 14 Ohio App.3d 309,311.
Appellant has also argued that the Board erred because the evidence indicated that Stouffer did not abide by its progressive action policy. This court has stated that, in considering a just cause determination within the meaning of R.C. 4141.29(D)(2)(a), our focus is on the fault of the employee rather than the motivation or correctness of the employer's decision to discharge.Durgan v. Ohio Bur. of Emp. Serv., 110 Ohio App.3d at 549. Failure to follow a mandatory progressive discipline procedure may result in a discharge not for just cause. See Pickett v. Unemp.Comp. Bd. of Rev. (1989), 55 Ohio App.3d 68, 70. In this case, Stouffer's lock-out/tag-out procedure provided that violations would result in immediate disciplinary action up to, and including, termination. Pat Ziska testified that Stouffer's progressive corrective action policy reserved the right to bypass progressive steps and proceed to termination in the event of a "very, very serious offense." Ms. Ziska explained that Appellant's misconduct constituted an offense of this degree and could not recall another incident in which an employee had removed a danger tag in violation of the tag-out procedure. Because progressive action was not mandatory under these circumstances, the presence of the policy did not require the conclusion that Stouffer discharged Appellant without just cause.
The decision of the Board was not unlawful, unreasonable, or against the manifest weight of the evidence. Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file-stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to the appellant.
Exceptions.
LYNN C. SLABY
FOR THE COURT
BAIRD, J. CONCURS