ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Appellant, Apex Paper Box Company, is appealing the order of the trial court affirming the Ohio Bureau of Employment Services' decision to appellee, Brenda Brickey. For the following reasons, we affirm.
Brenda Brickey missed work several times. On September 1, 1998, she received a final thirty warning that if she violated any company rules in the next thirty days she would be terminated. The very same day, Brenda Brickey went to lunch at 9:25 p.m., and did not punch out. She was discharged for failing to punch out.
On September 1, 1998, five to ten other people also left for lunch without punching out. Appellant's representative testified that these other employees were verbally warned. None of them were terminated because none of them were on a final thirty warning.
Mrs. Brickey testified she did not know it was an established work rule to punch out before leaving for lunch. She left the premises for lunch because her daughter was sick.
The written rules and regulations state that the employees must punch out if they leave the premises for lunch time. Appellant did not know whether employees were given a copy of the work rules thirteen and a half years ago when Mrs. Brickey was hired. Brenda Brickey testified that she was never given a copy of the work rules.
Mrs. Brickey stated that the rule against failing to punch out at lunch has never been enforced. She often left the premises for lunch without punching out and was never disciplined for doing so. No one has ever been terminated for failure to punch out at lunch.
OBES suspended Brickey's claim, finding that she was not discharged with just cause. On reconsideration, the denial was affirmed. The Review Commission found that Mrs. Brickey had a reasonable basis in past practice to conclude that failing to clock out for lunch would not subject her to disciplinary action. The claimant was without fault, so the duration suspension was lifted.
The employer moved for reconsideration. Minutes of an April 1, 1998 plant meeting revealed that management reminded the employees that it is a violation of company policy to fail to punch out at lunch. The employees were reminded again at an August 5, 1998 meeting. The Review Commission affirmed the previous decision allowing the benefits. The trial court found this decision was lawful, reasonable and not against the manifest weight of the evidence.
Appellant's first and second assignments of error are interrelated and will be discussed together. They state:
 THE TRIAL COURT ERRED IN FAILING TO FIND THAT CLAIMANT'S DELIBERATE VIOLATION OF A COMPANY RULE CONSTITUTED JUST CAUSE FOR THE TERMINATION OF HER EMPLOYMENT.
 THE TRIAL COURT'S FAILURE TO RECOGNIZE THAT CLAIMANT'S ACTIONS DEMONSTRATED AN UNREASONABLE DISREGARD FOR HER EMPLOYER'S BEST INTERESTS, WAS UNLAWFUL, UNREASONABLE AND AGAINST THE MANIFEST WEIGHT OF EVIDENCE.
In reviewing a decision of the Bureau of Employment Service Board of Review, an appellate court may reverse the Board's decision only if it is unlawful, unreasonable, or against the manifest weight of the evidence. R.C. S4141.28(O)(1); Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694. An employee is eligible for benefits if she was discharged without just cause. See Tzangas, supra at 698. OBES found that Mrs. Brickey was not at fault, and was not discharged with just cause.
A mere violation of a company work rule does not always rise to the level of fault required on the part of the employee to justify a denial of unemployment benefits. Adams v. Harding Mach. Co., Inc. (1989), 56 Ohio App.3d 150,155.
 In determining whether employee has been discharged for "just cause" for unemployment compensation purposes, the critical issue is not whether employee has technically violated some company rule, but whether employee by his or her actions demonstrated unreasonable disregard for employer's best interests.
Piazza v. Ohio Bur. of Emp. Serv. (1991), 72 Ohio App.3d 353.
When the reason for discharge is a policy violation, the reason can only constitute just cause if the policy was fair and was fairly applied. Shaffer v. American Sickle Cell Anemia Assn. (June 12, 1986), Cuyahoga App. No. 50127, unreported; Eagle-Picher Industries, Inc. v. Ohio Bur. Of Emp. Serv. (1989), 65 Ohio App.3d 548,550-551. To be fair a policy must be communicated to the employee. Shaffer, supra. Fairly applied means whether the policy was applied equally to all the employees. Id.
The record contained competent credible evidence that the time clock policy was not fair. Brickey testified that she was never given a copy of the work rules. Brickey's statement on her application that the policy had never been enforced was not an admission that she was aware of the policy before she violated it. Brickey denied she told the personnel manager that she forgot to punch out. There was no evidence Brickey attended the two meetings where the employees were told to punch out if they leave for lunch. The determination that the policy was not fair was supported by competent, credible evidence, and was not against the manifest weight of the evidence. See C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279; Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80.
The evidence also supported the determination that the policy was not fairly applied. The employer admitted that no records of prior violations existed. No written records of disciplinary action for failing to punch out at lunch were produced. The finding that Brickey was not at fault was not against the manifest weight of the evidence, was reasonable and in accordance with law.
The company argues it had just cause to terminate Brickey because she missed work six times in four months. Brickey was dismissed for the time clock violation, not the attendance violations. It is not proper to consider the employee's previous disciplinary record. See Boyd v. American Freight Systems (1988),51 Ohio App.3d 185. The court should consider only the stated reasons for the termination. Id. Additionally, an employer's failure to follow the disciplinary procedure set out in the work rules does not constitute just cause for termination. Pickett v. Unemployment Compensation Board of Review (1989), 55 Ohio App.3d 68.
The decision to award benefits to Mrs. Brickey was lawful, reasonable and supported by competent, credible evidence. The trial court did not err in affirming the decision of the Ohio Bureau of Employment Services.
Accordingly, appellant's assignments of error are overruled.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATTON, J., AND ROCCO, J., CONCUR.
 __________________________________ ANN DYKE, ADMINISTRATIVE JUDGE