[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant, Ollen G. Colbert, Jr., appeals a decision of the court of common pleas affirming a decision of the Unemployment Compensation Review Commission. The commission had denied Colbert's claim for benefits, finding that his employer, Cincinnati Gas Electric Company, had discharged him for just cause in connection with work.
In his sole assignment of error, Colbert contends that the common pleas court erred in affirming the commission's decision. A reviewing court may reverse a decision of the Unemployment Compensation Review Commission only if it is unlawful, unreasonable, or against the manifest weight of the evidence. Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv.,73 Ohio St.3d 694, 653 N.E.2d 1207, 1995-Ohio-206, paragraph one of the syllabus; Owens v. Ohio Bur. of Emp. Serv. (1999), 135 Ohio App.3d 217,221, 733 N.E.2d 628. In Tzangas, the Ohio Supreme Court negated a long line of appellate court decisions limiting an appellate court to an abuse-of-discretion standard when reviewing administrative appeals. Lutzv. Adm., Ohio Bur. of Emp. Serv. (Nov. 12, 1999), 1st Dist. Nos. C-990162 and C-990228.
The commission acts as the fact-finder in unemployment-compensation proceedings. A reviewing court must give due deference to the commission's factual findings and may not substitute its judgment for the commission's. Instead, a court can only determine if the commission's decision is supported by the evidence in the record. Irvine v. Unemp.Comp. Bd. of Rev. (1985), 19 Ohio St.3d 15, 17-18, 482 N.E.2d 587;Brown-Brockmeyer Co. v. Roach (1947), 148 Ohio St. 511, 518, 76 N.E.2d 79;Allen v. Adm., Ohio Bur. of Emp. Serv. (May 14, 1997), 1st Dist. No. C-960705.
Colbert first argues that he was denied a fair hearing because the hearing officer did not give him equal time to respond to CGE's allegations and treated him harshly and inconsistently. The record does not support these contentions. The hearing officer gave Colbert the opportunity to produce evidence and examine witnesses so that he could bring all pertinent facts before the hearing officer. Valdez v. Spud'sAuto Parts (Dec. 11, 1998), 6th Dist. No. L-98-1105; Williams v. Roach
(Sept. 25, 1986), 10th Dist. No. 86AP-142. Colbert has not specified what evidence he was prevented from presenting. He was afforded a reasonable opportunity to be heard, and he, therefore, received a fair hearing. SeeOwens, supra at 220, 733 N.E.2d 628.
Colbert further argues that he was denied a fair hearing because the hearing officer relied upon CGE's hearsay evidence over his sworn testimony. While this court has stated that when a claimant's sworn testimony is rebutted only by hearsay evidence, it is unreasonable for the hearing officer to give more weight to the hearsay evidence, Masonv. Adm., Ohio Bur. of Emp. Serv. (Apr. 7, 2000), 1st Dist. No. C-990573, that did not occur in this case. The hearing officer did rely on some hearsay evidence, which is proper in the informal hearing contemplated by the unemployment-compensation statutes. See Simon v. Lake Geauga PrintingCo. (1982), 69 Ohio St.2d 41, 44, 430 N.E.2d 468; Mason, supra. The officer also relied upon the sworn testimony of Colbert's direct supervisor who had personal knowledge of the events to which he testified. She found CGE's evidence to be more credible, and issues of credibility are for the commission to decide. Irvine, supra, at 18,482 N.E.2d 587; Lutz, supra.
Finally, Colbert argues that the commission's decision that CGE terminated his employment for just cause was unlawful, unreasonable and against the manifest weight of the evidence because the evidence showed that CGE had failed to follow its progressive discipline policy. While some courts have held that the employer's failure to follow a progressive disciplinary policy precluded a finding that a discharge was for just cause, see Eagle-Picher Industries, Inc. v. Ohio Bur. of Emp. Serv. (1989), 65 Ohio App.3d 548, 584 N.E.2d 1245; Pickett v. UnemploymentComp. Bd. of Rev. (1989), 55 Ohio App.3d 68, 70, 562 N.E.2d 521, that conclusion does not follow in every case. See Gualtieri v. Stouffer FoodsCorp. (Mar. 24, 1999), 9th Dist. No. 19113; Lindsey v. Adm., Ohio Bur. ofEmp. Serv. (June 8, 1994), 9th Dist. No. 16542.
In an unemployment-compensation case, the focus is not on the correctness of the employer's decision to discharge an employee, but on the employee's fault. The Unemployment Compensation Act protects those who cannot control the situation that leads to their separation from employment, not those who are directly responsible for their own predicament. Tzangas, supra, at 697-698, 653 N.E.2d 1207; Durgan v. OhioBur. of Emp. Serv. (1996), 110 Ohio App.3d 545, 549, 674 N.E.2d 1208;Jones v. Adm., Ohio Bur. Emp. Serv., 7th Dist. No. 99 C.A. 224, 2000-Ohio-2597.
In this case, while CGE's disciplinary policy did provide for various steps of progressive discipline, the company explicitly reserved its right to discharge any employee at any time. Consequently, the policy did not prevent a finding that Colbert was discharged for just cause. Further, the record unequivocally shows that Colbert's discharge was through his own fault. His undeniable pattern of negligence, tardiness, absenteeism and insubordination showed an unreasonable disregard for his employer's best interests and provided just cause for the termination of his employment. See Irvine, supra, at 17. 482 N.E.2d 587; Wilson v.Matlack, Inc. (2000), 141 Ohio App.3d 95, 99-100, 750 N.E.2d 170; Kiikkav. Ohio Bur. of Emp. Serv. (1985), 21 Ohio App.3d 168, 169,486 N.E.2d 1233.
We cannot hold that the commission's decision that Colbert's discharge was for just cause was unreasonable, unlawful or against the manifest weight of the evidence. Consequently, the common pleas court did not err in affirming the commission's decision. Therefore, we overrule Colbert's assignment of error and affirm the common pleas court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Sundermann, JJ.