DECISION
{¶ 1} Appellant, Melanie Braithwaite, appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of the Unemployment Compensation Review Commission ("Commission"), that found she was terminated from her employment with appellee, the Ohio Department of Commerce, Division of Securities ("Division"), for just cause and sets forth the following assignment of error:
It is unlawful for the Unemployment Compensation Review Commission to deny benefits in reliance upon a finding of just cause for termination which is based upon an old disciplinary incident which was not the actual reason for the employer's termination of the claimant.
 {¶ 2} The standard for review of a decision of the commission is set forth in R.C. 4141.28(O)(1), which provides:
* * * If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision. * * *
 {¶ 3} In Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv.
(1995), 73 Ohio St.3d 694, paragraph one of the syllabus, the court held:
An appellate court may reverse the Unemployment Compensation Board of Review's "just cause" determination only if it is unlawful, unreasonable or against the manifest weight of the evidence.
The court further stated, at 696-697:
Former R.C. 4141.28(O), now renumbered R.C. 4141.28(O)(1), the statute setting forth the appeals process for unemployment compensation cases, does not create distinctions between the scope of review of common pleas courts and appellate courts. To apply the same standard at each appellate level does not result in a de novo review standard. As this court stated in Irvine [v. Unemp. Comp. Bd. of Review (1985), 19 Ohio St.3d 15], "[t]he fact that reasonable minds might reach different conclusions is not a basis for the reversal of the board's decision." Irvine at 18, 19 OBR at 15, 482 N.E.2d at 590. The board's role as factfinder is intact; a reviewing court may reverse the board's determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence.
 {¶ 4} Thus, the issue is whether the trial court erred when it determined the commission's decision finding that appellant was discharged for just cause was not unlawful, unreasonable or against the manifest weight of the evidence.
 {¶ 5} In Irvine v. Unemp. Comp. Bd. of Review (1985),19 Ohio St.3d 15, 17, the court stated:
The term "just cause" has not been clearly defined in our case law. We are in agreement with one of our appellate courts that "[t]here is, of course, not a slide-rule definition of just cause. Essentially, each case must be considered upon its particular merits. Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." Peyton v. Sun T.V. (1975), 44 Ohio App.2d 10, 12
[73 O.O.2d 8].
* * *
The determination of whether just cause exists necessarily depends upon the unique factual considerations of the particular case. Determination of purely factual questions is primarily within the province of the referee and the board. * * *
 {¶ 6} In Tzangas, at 697-698, the court approved the definition of "just cause" set forth in Irvine and, further, stated:
The Act does not exist to protect employees from themselves, but to protect them from economic forces over which they have no control. When an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament. Fault on the employee's part separates him from the Act's intent and the Act's protection. Thus, fault is essential to the unique chemistry of a just cause termination.
 {¶ 7} Appellant was employed with the Division as a staff attorney. Her supervisor was Matthew Fornshell. Along with her other duties, in October 1997, she was assigned to investigate a company known as Tee-To-Green Golf Parks, Inc. The investigation concerned the sale by Tee-To-Green of promissory notes, defined in Ohio as securities, by agents who were not licensed to sell securities. In September 1999, appellant was assigned to investigate Tee-To-Green full time. Fornshell testified this was one of the Division's largest investigations, aside from Dublin Securities, with significant division resources committed to it.
 {¶ 8} Sometime in late 2000, Fornshell became concerned with appellant's management of the investigation and sent a memorandum, dated December 27, 2001, to Blaine Brockman, Chief of the Office of Human Resources, requesting she be disciplined for the following: "Neglect of duty and inadequate job performance; Insubordination; Exercise of poor judgment; Providing or discussing confidential information with unauthorized individuals; Unauthorized removal of documents, misuse of confidential materials; and Incompetency inefficiency, insubordination, and neglect of duty."
 {¶ 9} In support of the general charges of insubordination and exercise of poor judgment, Fornshell stated in his memorandum that appellant had continued to contact prosecutors in Miami and Montgomery Counties in an effort to have criminal charges filed against the salesmen who sold the Tee-To-Green notes, despite instructions not to do so in light of an ongoing Securities and Exchange Commission ("SEC") investigation and possible action by the United States Attorney. Fornshell testified appellant was instructed to pursue administrative cases against the salesmen. To further support the charge of exercise of poor judgment and to support the charge of providing confidential information to unauthorized persons and the unauthorized or misuse of confidential materials, Fornshell stated that appellant had provided confidential or potentially confidential information to the SEC, which might have resulted in a waiver of the Division's privilege based on an attorney/client relationship or attorney work product. To support the charge of inadequate job performance, Fornshell stated appellant failed to timely issue subpoenas for administrative hearings related to salesmen from Tee-To-Green.
 {¶ 10} Based on these charges, a pre-disciplinary hearing was held on January 26, 2001 by Brockman, who recommended appellant be removed from her position. Brockman based his recommendation on three specific instances of misconduct, that is, appellant continued to pursue criminal investigations after being told not to do so; that she released confidential information to a federal entity; and that she failed to properly prepare subpoenas and witnesses for an administrative hearing. The Director of the Department of Commerce agreed with Brockman's recommendation and appellant was terminated February 1, 2001.
 {¶ 11} Appellant's application for unemployment compensation was denied on the basis she was terminated for just cause. Appellant appealed and an evidentiary hearing was held by a Commission hearing officer. The hearing officer found that the specific charges filed against appellant had not been proved but, nonetheless, concluded she was terminated for just cause because her work on the Tee-To-Green investigation was "inefficient and her performance was clearly inadequate." The hearing officer further found that what "the record does amply establish is that the claimant failed to complete her investigation in a professional manner as one would have expected of a staff attorney with 20 years experience." The hearing officer also found that "the charges of neglect of duty and inadequate job performance clearly were established. On numerous occasions the claimant would promise certain aspects of the case would be concluded and they would not. This occurred on numerous occasions throughout the latter portions of 1999 and during the first half of 2000."
 {¶ 12} In her sole assignment of error, appellant argues that the hearing officer ignored the reasons given by the Division for her discharge and based his decision on other grounds. Appellant argues the hearing officer ignored the specific allegations put forth by appellee as the basis for her discharge and based the finding of just cause on other more general but uncharged misconduct, as well as conduct for which she was previously disciplined. We agree.
 {¶ 13} An unemployment compensation review commission hearing officer's review and determination of just cause is limited to the actual reasons for a claimant's discharge and evidence of circumstances not relied on by the employer may not be considered. In re Claim of Guy
(2001), 146 Ohio App.3d 20. In Boyd v. American Freight Systems (1988),51 Ohio App.3d 185, 188, the court stated:
* * * We agree with Boyd that the proper test is whether the employer's actual reason for discharging its employee is reasonable and just, not whether the employer might have had reasonable and just grounds for discharging its employee. * * *
 {¶ 14} The court, in Boyd, concluded that claimant's prior discipline could not be considered as a basis for discharge, as it was never given as a reason by the employer.
 {¶ 15} Here, although some very general language consistent with the Department's policies and procedures manual was used to notify appellant of the charges against her, those general allegations were supported by specific instances of misconduct which formed the basis for the employer's decision to discharge her. At the Commission's hearing, Fornshell testified he sought disciplinary action against appellant only because she gave information to the SEC, ignored his order not to extend the Division's resources trying to make referrals to county prosecutors for further criminal proceedings and failed to issue subpoenas for administrative hearings in a timely fashion. Fornshell did not testify as to other more general problems with appellant.
 {¶ 16} As to the first charge, the hearing officer found there was no negative impact from appellant's disclosure of documents to the SEC. The hearing officer also found the evidence did not establish appellant's attempt to "shop the case" for further prosecution in Miami or Montgomery Counties after being told not to do so. The hearing officer failed to address the allegation appellant did not issue subpoenas for administrative hearings in a timely fashion; however, on cross-examination, Fornshell testified he could not identify any witnesses who failed to appear for the administrative hearings or that there was any negative impact on the outcome of those hearings based on appellant's actions or alleged inaction. In his conclusion, the hearing officer made reference to deadlines missed by appellant; however, these matters were the subject of a written reprimand to appellant in May 2000, and were not part of the reason given by her employer for her discharge.
 {¶ 17} While appellant's overall handling of the Tee-To-Green investigation may have been questionable, her discharge was based on three specific instances of misconduct, none of which were proven by appellee. Although it is understandable appellee would use the general language of its policies and procedures manual to charge appellant, it was nonetheless incumbent upon appellee to prove the specific conduct that supported those more general charges. Likewise, while prior disciplinary measures against an employee may be considered as part of a progressive disciplinary process, the employee must first be given notice that prior discipline will be relied upon as a reason for discharge.
 {¶ 18} Thus, we find the Commission's order was not supported by the manifest weight of the evidence and, for that reason, was unlawful and unreasonable. The trial court abused its discretion in affirming it. The judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded to that court with instructions to remand the matter to the Ohio Department of Job Family Services with the instruction to grant appellant unemployment compensation.
Judgment reversed and cause remanded with instructions.
BRYANT and LAZARUS, JJ., Concur.