WILSON, APPELLEE, *v.* UNEMPLOY-
MENT COMPENSATION BOARD OF RE-
VIEW, APPELLEE; THE UNION CLUB,
APPELLANT.

(No. 47004—Decided March 5, 1984.)

Mr. *Irving Bergrin,* for plaintiff-
appellee.

Mr. *Anthony J. Celebrezze, Jr.,* at-
torney general, and *Mr. Q. Albert Corsi,*
for defendant-appellee Board of Review.

Mr. *William M. Hanna,* for ap-
pellant.

PATTON, J. This appeal arises from
a judgment entered by the Court of
Common Pleas of Cuyahoga County,
reversing the Unemployment Compen-
sation Board of Review's denial of
benefits to appellee, Velma Wilson. The
appellant, The Union Club, takes excep-
tion to this order and seeks our review
on the following assigned errors:

"I. The trial court erred in revers-
ing and remanding Unemployment
Compensation Board of Review's denial
of benefits because it failed to find the
decision is unlawful, unreasonable or
manifestly against the weight of the evi-
dence.

"II. The trial court erred in revers-
ing and remanding the Unemployment
Compensation Board of Review's denial
of benefits because that decision is
lawful, reasonable and supported by the
manifest weight of the evidence."

As adduced from the record below,
Wilson began employment with ap-
pellant on January 15, 1981 in the
capacity of a cleaning person. On April
6, 1981, appellee was hospitalized for a
tubular pregnancy and remained away
from her employment until late April.
Thereafter, appellee returned to work
and continued in her employ without in-
cident or complaint from her immediate
supervisor, concerning either the quality
of her work or absence. On July 23,
1981, appellee fell while at work and sus-
tained an injury to her back. Wilson was
sent to the company doctor, who autho-
rized Wilson's absence from work until
July 27, 1981. Unable to return to work
on the appropriate day, Wilson returned
to the company doctor on that day and
received a doctor's excuse which essen-
tially stated that appellee had been
under his care since July 23, 1981 and
that due to her injury, at the present

time, she would be unable to perform work duties requiring bending or heavy lifting.

Appellee returned to work on July 28, 1981. As testified to by appellee before the Unemployment Compensation Board of Review, on her return date, at the conclusion of her cleaning, appellee approached her immediate supervisor in response to rumors which had circulated among her coemployees that she was to be fired. Specifically, appellee testified that she approached her supervisor and stated: "What the hell are you going to fire me for." At that point, appellee testified that her supervisor responded that she should clean her locker out and go downstairs for her check. Appellee stated that she specifically asked why she was being fired, but was not provided with any response.

Also in attendance and providing testimony before the board of review was Marilyn Hinchcliff, the bookkeeper in charge of payroll and personnel records for the appellant. When questioned whether there had been any complaints rendered against the appellee with regard to the quality of Wilson's work, or attendance at work, Hinchcliff responded, "No." Hinchcliff stated that appellee's employment was terminated for insubordinate conduct, in conjunction with the fact that she had missed a great deal of time from work.

Upon being questioned concerning the company policy regarding disciplinary procedures, Hinchcliff stated that there are generally two verbal warnings provided with a final written notice given prior to termination of an employee. When questioned whether Wilson's personnel file contained any such written reprimand, Hinchcliff responded in the negative.

On November 19, 1981, the board of review determined that appellee was discharged for insubordination and therefore with just cause. It was further held that she was not entitled to unemployment benefits. Appellee by application sought the board's further review. Upon denial of appellee's application, an appeal was taken pursuant to R.C. 4141.28(O) to the court of common pleas.

It is upon the foregoing facts and circumstances that appellant has predicated this instant appeal.

Raised in appellant's assigned errors is the contention that the trial court erred in reversing the board of review's determination concerning Wilson's entitlement to unemployment benefits. Appellant essentially contends that the determination of the board was supported by the weight of the evidence, and, further, that the trial court failed to find that determination to be unlawful, unreasonable, or manifestly against the weight of the evidence. We disagree with these contentions, and accordingly, we uphold the judgment of the trial court.

The jurisdiction of the common pleas court to enter judgment on appeal from the board of review is limited and defined by R.C. 4141.28, which provides in pertinent part:

"(O) * * * If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision. * * *"

It is axiomatic that a common pleas court may not substitute its judgment for that of the Unemployment Compensation Board of Review on factual issues, and may modify the board's decision and enter final judgment only where the facts are not in dispute and such undisputed facts are determinative of the issues. *Fahl* v. *Bd. of Review* (1965), 2 Ohio App. 2d 286 [31 O.O.2d 426], citing *Brown-Brockmeyer* v. *Roach* (1947), 148 Ohio St. 511 [36 O.O. 167]; *Craig* v. *Bureau of Unemployment*

*Comp.* (App. 1948), 51 Ohio Law Abs. 449; and *Kilgore* v. *Bd. of Review* (1965), 2 Ohio App. 2d 69 [31 O.O.2d 108]. Where, however, the referee has no conflicting testimony and evidence, the referee's decision may be reversed if no substantial evidence supports it. See *Kubelka* v. *Bd. of Review* (Jan. 25, 1979), Cuyahoga App. No. 38098, unreported.

In an action similar to the case at bar, the question of whether vulgar or obscene language amounts to just cause for dismissal was addressed. *Sandridge* v. *Midland Steel Products Co.* (Aug. 21, 1980), Cuyahoga App. Nos. 41167 and 41185, unreported. In *Sandridge,* it was determined that the basis for just cause for discharge varied from case to case and was dependent upon various factors such as the severity of the language used, the persistence of the behavior, and whether or not the remarks were made in the presence of other employees (citing Annotation [1979], 92 A.L.R. 3d 105, Use of Vulgar or Profane Language as Bar to Claim for Unemployment Compensation).

In applying the *Sandridge* standard to this instant matter, we note that the record fails to reflect any prior incidents of insubordinate conduct by Wilson. To the contrary, there exists no evidence of Wilson's receipt of any verbal reprimands per appellant's employment policy, nor does the record contain evidence of any written reprimand provided prior to Wilson's termination. Further, no evidence was provided to establish that appellee had a history of utilizing abusive and/or obscene language.

It would appear that the comment "What the hell are you going to fire me for" constituted a single incident of hot-headedness by appellee, was not a particularly severe or abusive statement, and was made only in the presence of her immediate supervisor. Though we agree, a perhaps somewhat inartfully asked question, it is questionable whether appellee's question concerning the circulated rumor that she was to be fired, in and of itself, constituted sufficient grounds for a termination based upon insubordination.

We must therefore conclude that under the authority of *Sandridge,* the judgment of the trial court was not in error. In so holding, we find that the record affirmatively establishes that the board of review's denial of appellee's benefits was unlawful, unreasonable, and not supported by the weight of the evidence. We further find that the trial court's reversal of such order, which by inference directly held such order to be unlawful, unreasonable, and manifestly against the weight of the evidence, was a proper ruling of law, and we affirm the same.[1]

*Judgment affirmed.*

CORRIGAN, P.J., and NAHRA, J., concur.

_____

[1] To prevent the duplication of essentially the same errors concerning the reasonableness of the trial court's orders as are raised in the present action from occurring, we remind the trial court that it is preferable for the court to make a specific determination of the ground upon which the reversal of the board's order is based. *Brown-Brockmeyer Co.* v. *Bd. of Review* (1942), 70 Ohio App. 370 [24 O.O. 229].