**LOMBARDO, Appellee,**

**v.**

**OHIO BUREAU OF EMPLOYMENT SERVICES et al., Appellant.**

[Cite as *Lombardo v. Ohio Bur. of Emp. Serv.* (1997), 119 Ohio App.3d 217.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–96–048.

Decided April 18, 1997.

218

*Veronica L. Hobbs*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Mark S. Barnes*, Assistant Attorney General, for appellant.

---

SHERCK, Judge.

This appeal comes to us from the Wood County Court of Common Pleas, which reversed an administrative agency's decision denying the claimant unemployment compensation. The common pleas court determined that the agency acted unreasonably when it concluded that the claimant was justly discharged for using profanity. We agree with the common pleas court and affirm its decision.

For approximately two and one-half years, appellee, Rocky Lombardo, operated a crane at Processing Technology, Inc., in Perrysburg, Ohio. In July 1995, appellee asked his immediate supervisor, Tim Keefer, for permission to set his work hours ahead two hours on July 17 so that he could attend a 2:00 p.m. civil court appearance in which he was the plaintiff. Appellee normally worked from 7:00 a.m. until 3:00 p.m. He proposed to work from 5:00 a.m. until 1:00 p.m. Keefer approved the request.

On July 14, 1995, the Friday prior to appellee's Monday court appearance, Keefer informed appellee that he had consulted with plant manager, Chris Molnar, and the Monday time change would not be approved. Furthermore, Keefer told appellee that if he left early he would incur an attendance infraction, which would result in the loss of his monthly attendance bonus. Appellee then went to Molnar's office. Molnar, in the presence of Keefer, confirmed the decision. At that point, according to Molnar, appellee stated, "that's bullshit, * * * that's fucking bullshit," and left the office.

Molnar then asked appellee to return to the office. Appellee complied and Molnar issued him a five-day "suspension pending investigation" for using profanity in violation of company policy. Appellee was discharged from his employment at the conclusion of the suspension period.

Following the discharge, appellee applied to appellant, Administrator, Ohio Bureau of Employment Services, for unemployment compensation benefits. Processing Technology, Inc. contested the application, arguing that appellee was discharged for just cause.[1] An initial determination concluded that appellee was discharged for just cause; this determination was affirmed on reconsideration.

---

1. Appellee asserted that the real reason for his discharge was in retaliation for his part in a failed union organizing effort at the plant. Neither the board of review hearing officer nor the common pleas court addressed this question.

Appellee then appealed to the Unemployment Compensation Board of Review. A hearing was held before a board of review hearing officer who issued findings of fact and concluded that, based on those facts, appellee's discharge was for just cause. The full board of review affirmed that decision.

Appellee then appealed to the Wood County Court of Common Pleas, which, on the record submitted, reversed the determination of the state agency. Appellant now brings this appeal, asserting that the common pleas court decision was erroneous.

Appellant raises the following two assignments of error:

"Assignment of Error No. 1: The Wood County Common Pleas Court erred by exceeding its scope of review under R.C. 4141.28(O)(1) and substituting its judgment for that of the Unemployment Compensation Board of Review.

"Assignment of Error No. 2: The Wood County Common Pleas Court erred by failing to affirm the Unemployment Compensation Board of Review's determination, which was not unlawful, unreasonable, or against the manifest weight of the evidence."

I

■ Appellant, in its first assignment of error, asserts that the common pleas court exceeded its statutory authority when it reversed the determination of the board of review.

A party dissatisfied with the decision of the Unemployment Compensation Board of Review may appeal that determination to the appropriate court of common pleas, which shall hear the appeal solely on the record certified by the board of review. R.C. 4141.28(O)(1). The common pleas court may reverse the board's decision only if it was "unlawful, unreasonable, or against the manifest weight of the evidence * * *." Absent one of these findings, the court must affirm the board's decision. *Id.*

■ Factual determinations are the exclusive province of the board of review. *Hall v. Am. Brake Shoe Co.* (1968), 13 Ohio St.2d 11, 14, 42 O.O.2d 6, 8, 233 N.E.2d 582, 584. The common pleas court may not weigh the evidence or substitute its judgment for that of the administrative hearing officer in factual determinations. *Simon v. Lake Geauga Printing Co.* (1982), 69 Ohio St.2d 41, 45, 23 O.O.3d 57, 59–60, 430 N.E.2d 468, 471. Findings supported by some competent credible evidence will not be reversed as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1987), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. A reviewing court applies the same standard as the common pleas court. *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.* (1995), 73 Ohio St.3d 694, 653 N.E.2d 1207, paragraph one of the syllabus.

R.C. 4141.29(D)(2)(a) provides that a terminated employee is entitled to receive unemployment compensation benefits unless his or her discharge was for "just cause." "Just cause" is the type of conduct that "an ordinarily intelligent person would regard as a justifiable reason for discharging an employee." *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280, paragraph four of the syllabus. Although the conclusions of the board of review as to the legal import of an essentially undisputed set of facts are entitled to some deference, the question is one of law and the reviewing court has a duty to reverse the board's decision if it is contrary to law. *Opara v. Carnegie Textile Co.* (1985), 26 Ohio App.3d 103, 106, 26 OBR 312, 315–316, 498 N.E.2d 485, 489–490; R.C. 4141.28(O)(1). Whether, considering all circumstances, a reason for terminating a claimant's employment constitutes "just cause" is a question of law.

In this matter, although the common pleas court's analysis of the facts varied from that of appellant's hearing officer, the recitation of facts in the hearing officer's report and the common pleas court's judgment entry are materially identical. Consequently, it cannot be said that the common pleas court usurped the fact-finding function of the board or substituted its judgment for that of the board on factual issues. Accordingly, appellant's first assignment of error is found not well taken.

## II

Appellant's second assignment of error goes to the merits of the "just cause" question.

The hearing officer concluded that the use of profanity "a couple of times in response to Molnar's decision * * * is inappropriate for the work situation" and constituted just cause for appellee's discharge.

The common pleas court's analysis was much more detailed. The court, citing principles derived from *Hepner v. Bd. of Review* (App.1978), 11 O.O.3d 144, and *Wilson v. Unemp. Comp. Bd. of Review* (1984), 14 Ohio App.3d 309, 14 OBR 374, 471 N.E.2d 168, determined that when analyzing a discharge for profanity, courts have looked to four factors: (1) the severity of the language used, (2) whether the language was an isolated incident or part of a pattern of behavior, (3) whether other employees were present, and (4) whether·there was provocation for the outburst.

Examining the facts in light of these considerations, the common pleas court noted that the language in question did not appear directed at a person and was of no more intensity than that used by appellee and manager Molnar in non-work-related conversations. There was no evidence of or finding that the words

used by appellee were part of a pattern. Only another manager was present when the words were spoken. Finally, the common pleas court noted that appellee's "reaction was understandable." Upon these considerations, the court concluded that appellee's discharge was without just cause.

There exists a large body of case law concerning profanity as just cause for the termination of employment. Appellant cites fourteen cases in support of its proposition that profanity in the work place can provide just cause for discharge.[2] Nevertheless, this case is unique in that appellee's use of profanity was the sole cause of his discharge. There was no finding that appellee's use of profanity was directed toward anyone, was inflammatory, or was used in the presence of co-workers or customers. Appellant's hearing officer specifically found that appellee would not have been subject to any disciplinary consequences for an attendance violation. Appellee did not walk off the job, threaten anyone, damage company property, or do any other act save the bare use of the profane phrase.[3]

We conclude that appellee's words alone under these circumstances, unconnected to any other act of disobedience or insubordination, do not constitute just cause for discharge so as to deprive him of his unemployment compensation benefits. Our analysis of the cases cited by appellant in support of its position reveals not a single Ohio case in which an employee was discharged for just cause solely on the basis of his or her use of profanity.[4] This is also generally true of reported cases outside Ohio. See Annotation, Use of Vulgar Language as a Bar to Claim for Unemployment Compensation (1979), 92 A.L.R.3d 106. Consequently,

---

**2.** *Hepner, Wilson,* and *Opara, supra; Evans v. Cannon* (Oct. 17, 1979), Licking App. No. CA2632, unreported; *Sandridge v. Midland Steel Products Co.* (Aug. 21, 1980), Cuyahoga App. Nos. 41167 and 41185, unreported; *Thomas v. Bd. of Review* (July 29, 1981), Richland App. No. CA1951, unreported, 1981 WL 6374; *Pence v. Beck–Talbert Pontiac* (Mar. 16, 1982), Montgomery App. No. 7537, unreported, 1982 WL 3692; *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280; *Hoffacker v. Pace Eng.* (Dec. 18, 1987), Geauga App. No. 1373, unreported, 1987 WL 31132; *Allender v. Huls Printing Co.* (Apr. 25, 1988), Hocking App. No. 87CA14, unreported, 1988 WL 38831; *Koltiska v. Form–A–Tool* (Dec. 14, 1989), Cuyahoga App. No. 56389, unreported, 1989 WL 151297; *Schadek v. Ohio Bur. of Emp. Serv.* (June 15, 1990), Montgomery App. No. 11569, unreported, 1990 WL 80560; *Cochran v. Bd. of Review* (Sept. 25, 1995), Mahoning App. No. 94CA125, unreported, 1995 WL 569167; *Schneider v. Ohio Bur. of Emp. Serv.* (Sept. 27, 1995), Athens App. No. 95CA1655, unreported, 1995 WL 578055.

**3.** Appellee denies using any adjective to modify his use of the word "bullshit."

**4.** *Hepner, Wilson* (no just cause); *Opara* (just cause; profanity coupled with anti-Semitic "fighting words" likely to cause breach of peace); *Evans* (profanity coupled with walking off the job); *Sandridge* (no just cause); *Thomas* (profanity used while threatening physical harm to supervisor); *Pence* (profanity directed toward supervisor during argument); *Angelkovski* (pattern of conduct, refusal to comply with legitimate order of a supervisor); *Hoffacker* (refusal to perform legitimate order of supervisor, profanity directed to president of company

whether we employ the analysis used by the trial court or apply Ohio precedents, we conclude that appellee's single use of profanity in this instance cannot provide just cause for termination.

We also note that appellant maintains that appellee's use of profanity violated a work rule. This might be persuasive had appellee's position on his employer's progressive discipline ladder been near the point where severe discipline was warranted. Here, however, the employer's Director of Human Resources testified that appellee had a relatively unblemished record and was nowhere near discharge on the progressive disciplinary scale.

Therefore, considering the totality of the circumstances, we concur with the common pleas court's conclusion that the board of review's action was unreasonable and unlawful. Accordingly, appellant's second assignment of error is found not well taken.

Upon consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Wood County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs of this appeal.

*Judgment affirmed.*

GLASSER and KNEPPER, JJ., concur.

---

in presence of co-workers); *Allender* (profanity directed toward president of company in presence of co-workers); *Koltiska* (walked off the job); *Schadek* (use of profanity in disparaging employer in presence of retail customers, walked off the job); *Cochran* (profanity directed toward supervisor in the presence of employees and customers); *Schneider* (no just cause even though remark directed to supervisor).