JOURNAL ENTRY AND OPINION
Plaintiff-appellant John H. Reeves (appellant) appeals from the denial of his claim for unemployment compensation.
Appellant assigns the following error for review:
 THE COMMON PLEAS COURT HAS WRONGLY UPHELD THIS DECISION: DUE TO THE FACT THAT THIS DECISION IS TOTALLY UNLAWFUL, UNREASONABLE, AND GOES AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
Appellant began working as an installer for Central Heating and Air Conditioning on September 2, 1998. Appellant voluntarily left his employment the following January but was hired again on February 8, 1999. In March or April of 1999, another employee, Charles Hairston, informed appellant he was filing a charge of discrimination with the Ohio Civil Rights Commission. As a result of the filing of the charge, company president Stewart Unsdorfer asked appellant to sign an affidavit.
Appellant met with the company's attorney several times. The attorney prepared a draft of an affidavit and presented it to appellant. Appellant refused to sign the document, finding some of the statements were untrue. The attorney changed the affidavit but appellant still refused to sign it.
Appellant admitted Unsdorfer did not discuss the contents of the affidavits with him at any time. Unsdorfer spoke to appellant three or four times. Unsdorfer told appellant he should be willing to assist the company if Hairston was trying to get something for which he was not entitled. Appellant told Unsdorfer he could not sign the affidavit because it was full of half-truths and falsehoods. Appellant stated to Unsdorfer that he would not sign the affidavit. Unsdorfer never stated what consequences appellant might suffer as a result of failing to execute the affidavit. Appellant sent Unsdorfer a written notice stating it was very stressful for him to continue working under these conditions. Unsdorfer responded by acknowledging the receipt of the letter and telling appellant things would get better. The company attorney redrafted the affidavit a third time but appellant again refused to sign it. Appellant stated he would have lost the respect of his fellow employees as well as his self-respect had he signed the document. Appellant felt that, after refusing to sign an affidavit for a third time, continued requests to sign became harassment. Appellant received the third version of the affidavit on a Friday and quit the following Monday.
Appellant admitted he had firsthand information regarding the civil rights claim. Appellant stated he would testify for either the company or Hairston if subpoenaed but would not sign an affidavit for either party.
On May 3, 1999, appellant turned in the copy of the disputed affidavit, his uniform, and keys and left the premises. Appellant stated that he felt the only way he could obtain relief from the pressure to sign an affidavit was to quit. Unsdorfer paged appellant a few times but appellant did not respond. Their only conversation after this date occurred a month later and involved a discussion of appellant's medical benefits.
On May 5, 1999, appellant filed an application for the determination of benefits, for a benefit year starting May 2, 1999. On May 28, 1999, the administrator disallowed appellant's claim for unemployment benefits, finding that appellant quit his employment without just cause. On June 8, 1999, the administrator issued a redetermination affirming the initial disallowance. Appellant appealed the determination. The appeal was transferred to the Review Commission. A hearing was held on the matter on July 28, 1999. Appellant and Unsdorfer testified. The Review Commission affirmed the redetermination.
On November 19, 1999, appellant appealed this decision to the court of common pleas. That court determined that the decision of the Review Commission was not unlawful, unreasonable, or against the manifest weight of the evidence. The court of common pleas affirmed the Review Commission's decision disallowing appellant's claim for unemployment benefits.
 II.
In his assignment of error, appellant contends he had just cause for quitting his employment with Central Heating and Air Conditioning. Appellant argues he was pressured repeatedly to sign an affidavit which contained false statements. Appellant maintains this would have violated his moral, ethical, and religious standards by forcing him to commit a criminal act. Appellant submits his act of quitting was the only way he could combat the pressure placed upon him by his employer to lie under oath.
An appellate court may reverse the Ohio Unemployment Compensation Review Commission's just cause determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence. Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv.(1995), 73 Ohio St.3d 694, at paragraph one of the syllabus. Appellate courts are not permitted to make factual findings or determine the credibility of witnesses, but have a duty to determine whether the review commission's decision is supported by the evidence in the record. A reviewing court must affirm the Board's finding if it is supported by evidence in the record. Irvine v. Unemp. Comp. Bd. of Review (1985), 19 Ohio St.3d 15. The fact that reasonable minds might reach different conclusions is not a basis for reversal of the review commission's decision. Fredon Corp. v. Zelenak (1997),124 Ohio App.3d 103.
Under R.C. 4141.29(D)(2)(a), an employee who leaves his or her employment without just cause is ineligible to receive unemployment benefits. Ford Motor Co. v. Ohio Bur. of Emp. Servs. (1991),59 Ohio St.3d 188, 189. Just cause is the type of conduct that an ordinary, intelligent person would regard as a justifiable reason for discharging an employee or for quitting. Irvine, supra; Lombardo v. Ohio Bur. of Emp. Serv. (1997), 119 Ohio App.3d 217. In determining whether just cause exists in a particular case, the Board must consider whether granting benefits will serve the underlying purpose of unemployment compensation, which is to provide financial assistance to individuals who become unemployed through no fault of their own. Unemployment compensation is not intended to protect employees from themselves but from economic forces over which they have no control. Tzangas, supra. The determinationof whether just cause exists depends upon the unique factual considerations of the particular case. Irvine, supra, at 17.
An employee may be said to have quit with just cause if the employer tries to force the employee to lie. See Vickers v. Ohio Bur. of Emp. Serv. (Apr. 22, 1999), Franklin App. No. 98AP-656, unreported. An employee who quits without giving the employer an opportunity to solve the problem ordinarily is considered to have quit without just cause. DiGiannantoni v. Wedgewater Animal Hosp. Inc. (1996), 109 Ohio App.3d 300.
There is no evidence in the record before this court showing that Central Heating and Air Conditioning ever conditioned appellant's continued employment upon his execution of an affidavit. Appellant decided to leave his employment the next working day after he received the third draft of the affidavit. He did not give a reason for quitting on that Monday. Also, appellant did not respond to Unsdorfer's pages to discuss the situation.
Appellant was adamant that he consistently refused to sign the affidavits because each contained what he considered to be false statements. Even so, Unsdorfer did not tell appellant he would suffer any adverse consequences if the affidavit was not signed. Appellant admitted he had firsthand knowledge relating to the dispute between the company and Hairston. Therefore, it was reasonable for the company to request that appellant execute an affidavit. The company attorney changed the affidavit at least twice in an attempt to accommodate appellant's concerns. There is no evidence Unsdorfer or any one at the company tried to force appellant to lie under oath. Appellant's continued employment with the company and any possible advancement were never premised upon his signing the affidavit. Therefore, the Review Commission's decision was not against the manifest weight of the evidence.
Appellant's assignment of error is overruled.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, J. and MICHAEL J. CORRIGAN, J. CONCUR.
 _____________________________________ LEO M. SPELLACY, PRESIDING JUDGE