DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Sandusky County Court of Common Pleas, reversing an administrative denial of unemployment compensation benefits.
 {¶ 2} Appellee, Thomas T. Thompson, worked for appellant Aeroquip Inoac Co. ("Aeroquip") for 11 years. Most recently, Thompson was employed as a spray painter.
 {¶ 3} According to Thompson, during his last two years at Aeroquip, he was the subject of harassment at the hands of a coworker. Thompson believed the coworker was deliberately sabotaging his work and attempting to make trouble for him with his supervisor. Thompson claims his complaints to management about this coworker fell on deaf ears.
 {¶ 4} On February 7, 2001, Thompson says he saw the coworker at issue remove a lock from a box containing paint sprayer equipment for which Thompson was responsible. Upon observing this, Thompson became angry and went to his supervisor. To the supervisor, Thompson said, "[I]f someone doesn't do something to [the coworker], I will kill him. I'm going to kill the fucking son of a bitch *** stab him in the heart with a screwdriver." After this outburst, Thompson's supervisor had him escorted out of the plant and eventually terminated his employment.
 {¶ 5} On May 11, 2001, Thompson applied for unemployment benefits with appellant Director, Ohio Department of Job and Family Services ("ODJFS"). His claim was initially allowed and affirmed on reconsideration. Aeroquip appealed this determination to the Unemployment Compensation Review Commission. There, following a telephone hearing, a review commission hearing officer issued findings and concluded that appellee's discharge was for just cause. When, on review, the Commission affirmed the hearing officer's determination, appellee pursued further appeal to the Sandusky County Court of Common Pleas.
 {¶ 6} The common pleas court examined the Review Commission's determination, concluding that appellee's termination from employment was unreasonable. From this judgment, appellants, Aeroquip and the Director, ODJFS, bring this appeal.
 {¶ 7} In separate briefs, each of these appellants assert that the common pleas court improperly substituted its judgment for that of the Review Commission and erroneously concluded that appellee's discharge was unreasonable.
 {¶ 8} A terminated employee is entitled to receive unemployment benefits unless he or she was discharged for "just cause." R.C.4141.29(D)(2)(a). "Just cause" is conduct, "*** which an ordinarily intelligent person would regard as a justifiable reason for discharging an employee." Angelkovski v. Buckeye Potato Chips Co. (1983),11 Ohio App.3d 159, 162. Whether a reason for terminating a claimant's employment constitutes "just cause" is a question of law. Lombardo v.Administrator, OBES (1997), 119 Ohio App.3d 217, 221.
 {¶ 9} Findings of fact and conclusions of law as to whether a discharged employee is entitled to unemployment compensation are initially made by the designee of the Director, ODJFS, R.C. 4141.28(B), subject to an appeal to the Unemployment Compensation Review Commission, R.C. 4141.281(C)(1), for a hearing de novo. 4141.281(C)(3).
 {¶ 10} A party who is dissatisfied with the final determination of the Review Commission may appeal that decision to the appropriate court of common pleas, which shall hear the appeal on the record certified by the commission. R.C. 4141.282(H)(1). "If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence ***" it may reverse the determination. Id.
 {¶ 11} On review of purely factual questions, the common pleas court is limited to determining whether the Review Commission hearing officer's determination is supported by the evidence in the record.Angelkovski, supra, at 161. Factual findings supported by some competent, credible evidence going to the essential elements of the controversy must be affirmed. Id., citing C.E. Morris v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, syllabus. However, the common pleas court has a duty to reverse the Review Commission's determination if it is contrary to law. Lombardo at 221, citing Opara v. Carnegie Textile Co.
(1985), 26 Ohio App.3d 103, 106. A reviewing court applies the same standard of review as the common pleas court. Tzangas Plakas v. Admin.,OBES (1995), 73 Ohio St.3d 694, 696.
 {¶ 12} In this matter, the Review Commission hearing officer issued the following findings of fact:
 {¶ 13} "FINDINGS OF FACT
 {¶ 14} "* * *
 {¶ 15} "For approximately his last two years of work, claimant had been having conflicts with a co-worker, ***. The two had numerous disputes. Claimant complained several times about [the co-worker] but no misconduct was ever demonstrated so that the company could act. To the contrary, after an incident in December of 2000, claimant was warned for inappropriate behavior and language.
 {¶ 16} "On February 7, 2001, claimant observed [the co-worker] taking a lock from paint spray box. When he saw [his supervisor], he complained. He told her that if [the co-worker] did not stop sabotaging claimant's work, he would: `stab him in the heart.' [The supervisor] took claimant to the office where he repeated his threats. She then sent him home.
 {¶ 17} "Claimant returned the next morning. He stated that he wanted to stab [the co-worker] in the heart with a screw driver. When confronted by [the company's human resource manager], claimant defended himself by stating he had not threatened [the co-worker] to his face. [The human resource manager] sent claimant home. She later dismissed him."
 {¶ 18} On these findings, the hearing officer concluded that appellee's dismissal was for just cause, because, "*** no employer can tolerate an employee making threats of bodily harm to another. Regardless of any provocation, claimant's threats were gross misconduct."
 {¶ 19} On review, the common pleas court reached a different conclusion. According to the court:
 {¶ 20} "The action of the appellant that spawned his discharge was a statement that was made to his supervisor as to another employee with whom he had ongoing difficulties. The supervisor knew of problems between the individuals, and did not deal with them. The human resources [manager] knew of the problems, and did not deal with them. The appellant attempted to speak to the plant manager about the issues between he and the other employee and was unable to do so. That he would make an inappropriate statement as to his frustration regarding the other employee was predictable under a totality of the circumstances and to deny him unemployment benefits for an action for which management is not without reproach is unreasonable."
 {¶ 21} Appellants insist that the common pleas court improperly substituted its judgment for that of the hearing officer on findings of fact. We disagree.
 {¶ 22} Although there are some differences in emphasis and interpretation, the facts as recited by the hearing officer are in material conformity with those to which the common pleas court alludes in its judgment entry. Accordingly, the first assignment of error of appellant Director, ODJFS, and part "A" of appellant Aeroquip's single assignment of error are not well-taken.
 {¶ 23} At issue is the hearing officer's determination, as a matter of law, that these facts provide just cause for appellee's discharge and the common pleas court's contrary conclusion.
 {¶ 24} Appellants insist that appellee's statement was a threat of violence to a fellow employee. The Review Commission hearing officer embraced this characterization. However, as the common pleas court properly observed, the statement was not to another employee, but to a supervisor about the possible consequences of the supervisor's continued inaction on appellee's repeated complaints about a coworker's behavior. There is no evidence in the record that appellee ever directly threatened any coworker with harm. The common pleas court recognized, as do we, that workplace frustrations can sometimes lead to intemperate remarks. In such circumstances, it is not unusual for a party to employ hyperbole to emphasize a point.
 {¶ 25} The common pleas court also recognized the undisputed fact that appellee's frustration level with his co-employee and the apparently inactive management was high. The court concluded that, given the history of this dispute, management was or should have been aware of appellee's frustration level and have considered that in judging the appropriateness of its response. Consequently, the common pleas court determined that the employee's decision to discharge appellee and to deny him unemployment benefits was unreasonable. Given that management has conceded throughout these proceedings that appellee's statement to his supervisor on February 7, 2001, was the only reason that he lost his job, we must conclude his discharge was without just cause. As a result we concur with the common pleas court that hearing officer's decision to deny benefits was unreasonable.
 {¶ 26} Accordingly, both of appellants' remaining assignments of error are not well-taken.
 {¶ 27} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed. Costs to appellants.
 JUDGMENT AFFIRMED.
Pietrykowski and Singer, JJ., concur
Judith Ann Lanzinger, J., dissents.