OPINION
{¶ 1} This is an accelerated appeal of the judgment of the Geauga County Court of Common Pleas, which reversed the decision of the Ohio Unemployment Compensation Review Commission.
 {¶ 2} Appellee, Donald Barnes ("Barnes"), worked for Pieter Bouterse Studio, a party planning business. On April 7, 2001, Barnes, Pieter Bouterse ("Bouterse") and Joseph Schumitsch ("Schumitsch") were at work to load a truck to transport items to a warehouse. Bouterse was backing the truck into position for loading when he struck the overhead garage door.
 {¶ 3} Bouterse lost his temper. He got out of the truck and berated both Barnes and Schumitsch. Bouterse blamed the accident on Barnes and Schumitsch because they were not standing in view of his side mirrors to assist him with backing the truck into position for loading. Bouterse and Barnes exchanged words. This incident resulted in the end of Barnes' employment with Bouterse.
 {¶ 4} The parties presented conflicting evidence as to whether Barnes quit or Bouterse discharged him. Barnes testified that there was a heated argument and that Bouterse used profanity. Barnes was unable to recall any specific words. Barnes testified that he responded in kind, calling Bouterse a "fucking foreigner" and that Bouterse terminated Barnes' employment.
 {¶ 5} Bouterse testified that, after exiting the truck, he said "What the fuck," but did not use any other profanity; that Barnes told him "you can take this job and shove it up your ass;" that Barnes called him a "fucking foreigner;" and that he told Barnes to turn in his keys and cell phone.
 {¶ 6} Schumitsch testified and acknowledged his account of the incident which he typed on April 11, 2001. In the typed statement, Schumitsch stated Barnes told Bouterse that he could take the job and stick it. Schumitsch also testified that Bouterse told Barnes his services were no longer needed.
 {¶ 7} The Review Commission hearing officer held that Bouterse discharged Barnes from employment for just cause, i.e. that Barnes statement calling Bouterse a "fucking foreigner" amounted to employee misconduct. The hearing officer's decision suspended Barnes' right to unemployment benefits.
 {¶ 8} Barnes sought review by the Review Commission. The Review Commission denied Barnes' request.
 {¶ 9} Barnes appealed the hearing officer's decision to the Geauga County Court of Common Pleas pursuant to R.C. 4141.28(N)(1) (currently R.C. 4141.28.2). The common pleas court reversed the decision of the Review Commission finding the decision unlawful. In its judgment entry the common pleas court stated, "Plaintiff's discharge was based on a single incident of `hotheadedness'. Such a discharge, although within the employer's rights, may not lawfully be the basis for a `just cause' termination under the Ohio scheme of unemployment benefits." The common pleas court adopted the four-part test set forth in Lombardo v. Ohio Bur.of Emp. Serv. (1997), 119 Ohio App.3d 217, 221.
 {¶ 10} Ohio Department of Jobs and Family Services ("ODJFS") timely appealed asserting two assignments of error:
 {¶ 11} "[1.] The Geauga County Common Pleas Court ruled contrary to the statutory standard of review in failing to defer to the Unemployment Compensation Review Commission's factual determination that Claimant engaged in misconduct where such finding is supported by evidence of record.
 {¶ 12} "[2.] The Geauga County Common Pleas Court erred in reversing the Unemployment Compensation Review Commission determination that Claimant was discharged for just cause, a determination supported by law and evidence in the record and a statutory basis to deny him unemployment compensation."
 {¶ 13} R.C. 4141.29(D) provides:
 {¶ 14} "Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions:
 {¶ 15} "(1) * * *
 {¶ 16} "(2) For the duration of the individual's unemployment if the director finds that:
 {¶ 17} "(a) The individual quit work without just cause or has been discharged for just cause in connection with the individual's work * * *."
 {¶ 18} Just cause "is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act."Irvine v. Unemployment Comp. Bd. of Review (1985), 19 Ohio St.3d 15, 17. Just cause must be determined on a case by case basis. Id.
 {¶ 19} An appellate court applies the same standard as the common pleas court when reviewing the Unemployment Compensation Review Commission's just cause determination. Tzangas, Plakas Mannos v.Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, 696-697. "An appellate court may reverse the Unemployment Compensation Board of Review's `just cause' determination only if it is unlawful, unreasonable or against the manifest weight of the evidence." Id. at paragraph one of the syllabus. See, also, R.C. 4141.28.2(H) stating:
 {¶ 20} "The court shall hear the appeal upon receipt of the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission."
 {¶ 21} In its first assignment of error ODJFS argues that the Review Commission's decision that Barnes' profanity amounted to employee misconduct, and thus, just cause for termination, is a factual determination. Therefore, according to ODJFS, neither the trial court, nor this court, can disturb this factual finding.
 {¶ 22} ODJFS is correct in its assertion that neither the trial nor appellate court is permitted to make factual findings or determine the credibility of witnesses. Tzangas at 696. However, a review of the record and applicable case law makes clear that the Review Commission's determination that Barnes' profanity constituted employee misconduct and thus, just cause, was a legal, rather than factual determination.
 {¶ 23} Whether just cause for termination exists is a question of law and the reviewing court has a duty to reverse the board's decision if it is contrary to law. Lombardo at 221. The trial court was not required to accept the Review Commission's determination that just cause for termination existed.
 {¶ 24} Further, nowhere in his findings of fact does the hearing officer determine that Barnes' profanity amounted to employee misconduct and, therefore, just cause. This conclusion is reached in the "reasoning" section of the decision. Case law and the format of the hearing officer's decision make clear that a just cause determination is a question of law. Therefore, the trial court applied the correct standard of review. Appellant's first assignment of error is without merit.
 {¶ 25} In its second assignment of error ODJFS asserts that the trial court erred in reversing the Review Commission's finding of just cause. ODJFS first argues that Barnes' profanity coupled with his failure to follow a safety rule, amounted to insubordination.
 {¶ 26} R.C. 4141.28.2(H) and case law interpreting it, limit our review to a determination of whether the decision was unlawful, unreasonable, or against the manifest weight of the evidence. Therefore, we are unable to consider whether Barnes' violation of a safety rule coupled with his use of profanity amounted to insubordination. The Review Commission did not base its just cause finding on Barnes' violation of a safety rule and use of profanity. The Review Commission decision states:
 {¶ 27} "[Barnes] had numerous legitimate options for dealing with his bosses [sic] tirade including the silent option adopted by Mr. Schumitsch who was also the object of the employer's wrath. However, calling his employer a "fucking foreigner" was not a legitimate or proper response. [Barnes'] statement to his employer amounted to employee misconduct. Under these circumstances, it is held that [Barnes] was discharged for just cause in connection with work."
 {¶ 28} The Review Commission based its decision solely on Barnes' use of profanity. Therefore, any violation of a safety rule has no relevance to this appeal.[1]
 {¶ 29} ODJFS next argues that Barnes' use of profanity, in and of itself, constituted just cause. In support of this argument ODJFS citesAllender v. Huls Printing Co. (Apr. 25, 1985), 4th Dist. No. 87CA14,Cochran v. Bd. of Review (Sept. 25, 1995), 7th Dist. No. 94CA125, andKoltiska v. Form-A-Tools (Dec. 14, 1989), 8th Dist. No. 56389. These cases are distinguishable from the instant case. Allender, involved an argument that persisted approximately ten to fifteen minutes between the president of the company and an employee. The president did not use any profane or vulgar language toward the employee. In the instant case the disagreement apparently occurred over a short time frame and Bouterse admitted to using profane language toward Barnes. Cochran and Koltiska,
both involved the use of profanity coupled with an act of insubordination. No such finding was made in the instant case.
 {¶ 30} ODJFS argues that under the Lombardo test adopted by the trial court, Barnes' use of profanity constituted just cause for termination. The Lombardo court adopted a four part test to analyze a discharge for profanity: (1) the severity of the language used, (2) whether the language was an isolated incident or part of a pattern of behavior, (3) whether other employees were present, and (4) whether there was provocation for the outburst. Applying these factors to the facts as found by the review commission, Barnes was not terminated for just cause.
 {¶ 31} There can be no doubt that the language used by Barnes' was severe and inappropriate. The Review Commission's findings of fact do not mention any other use of profanity by Barnes. Therefore, there was no finding that this was a pattern of conduct. Only one other employee was present during the exchange. Bouterse lost his temper and berated Barnes and Schumitsch, blaming them for not standing in view of his side view mirrors. Bouterse used profanity toward Barnes. Therefore there was provocation for Barnes' response.
 {¶ 32} Finally, ODJFS argues that Barnes was terminated for just cause under the test set forth in Wilson v. Unemp. Comp. Bd. of Review
(1984), 14 Ohio App.3d 309. The court in Wilson stated, "Whether vulgar or obscene language amounts to `just cause' for dismissal sufficient to bar unemployment compensation benefits is dependent upon such factors as the severity of the language used, the persistence of the behavior, and whether the remarks were made in the presence of other employees." Id. at paragraph two of the syllabus. While Lombardo provides the better analytical tool, were this court to apply the Wilson test, the outcome would be the same for the reasons set forth above. Appellant's second assignment of error is without merit.
 {¶ 33} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.
JUDITH A. CHRISTLEY and DIANE V. GRENDELL. J., concur.
[1] Bouterse testified as follows, "We have a company procedure, when backing up a truck that you stay in the mirror and you make the signals in order to let the person who's driving the truck know what is going on because I can't see behind me." This begs the question, why would Bouterse keep backing the truck if he did not have an employee in the mirror directing him? Obviously, Bouterse violated the safety rule by continuing to back the truck with no one directing him. This may explain why the Review Commission disregarded the safety violation in its just cause finding.