DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, in an administrative review of unemployment benefits sought by a substitute teacher. Because we conclude that the trial court did not err in its determinations, we affirm.
 {¶ 2} Appellant, Edward S. Cohen, worked as a substitute teacher for appellee, Toledo Public Schools ("TPS"). Although his employment in that capacity was usually steady, his assignments were fewer than expected in the second half of the 2001-2002 academic year. In June 2002, Cohen applied for unemployment benefits which were initially approved by the Ohio Department of Job and Family Services ("ODJFS") and he began receiving payments. On application for redetermination by TPS in July 2002, the decision was reversed and Cohen was ordered to repay the $3,200 in benefits received since June 2002. Cohen received notice of this decision in early September 2002. He appealed this decision to the Unemployment Compensation Review Commission and a hearing was conducted on December 10, 2002. Citing R.C. 4141.29, the hearing officer denied Cohen's application for benefits. The officer found that, since Cohen had "reasonable assurance" of returning to the same substitute teaching position in the fall of 2002, he was not entitled to unemployment benefits.
 {¶ 3} Cohen then timely appealed to the Lucas County Court of Common Pleas, which affirmed the Commission's decision. Appellant now appeals from that judgment, setting forth the following two assignments of error:
 {¶ 4} "Assignment of Error No. 1
 {¶ 5} "What was the reason for claimant's separation from Toledo Public Schools?
 {¶ 6} "Assignment of Error No. 2
 {¶ 7} "Is Claimant entitled to unemployment benefits for the week ending June 15, 2002?"
 {¶ 8} We will address appellant's assignments of error together. Appellant argues that procedures in the appeal process denied him due process rights, that he is entitled to unemployment benefits, and that if not entitled to benefits, he should not be required to repay the amounts received in error. A brief discussion of the appeal procedures will provide a guide for the analysis of the issues in this case.
 {¶ 9} When seeking unemployment benefits, an applicant submits information to the ODJFS in support of his or her claim. Findings of fact and conclusions of law as to whether a discharged employee is entitled to unemployment compensation are initially made by the designee of the Director, ODJFS, R.C.4141.28(B), subject to an appeal to the Unemployment Compensation Review Commission, R.C. 4141.281(C)(1), for a hearing de novo. R.C. 4141.281(C)(3).
 {¶ 10} A party who is dissatisfied with the final determination of the Review Commission may appeal that decision to the appropriate court of common pleas, which shall hear the appeal on the record certified by the commission. R.C.4141.282(I). "If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence * * *" it may reverse the determination. Id. On review of purely factual questions, the common pleas court is limited to determining whether the Review Commission hearing officer's determination is supported by the evidence in the record.Tzangas, Plakas Mannos v. Ohio Bur. Of Emp. Serv.,73 Ohio St.3d 694, 696. Factual findings supported by some competent, credible evidence going to the essential elements of the controversy must be affirmed. C.E. Morris v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, syllabus.
 {¶ 11} The common pleas court, however, has a duty to reverse the Review Commission's determination if it is contrary to law.Lombardo v. Administrator, Ohio Bur. Of Emp. Serv. (1997),119 Ohio App.3d 217, 221, citing Opara v. Carnegie Textile Co.
(1985), 26 Ohio App.3d 103, 106. On questions of law, an appellate court applies the same standard of review as the common pleas court. Tzangas, supra. See, also, Thompson v. AeroquipInoac Co., 6th Dist. No. S-02-022, 2003-Ohio-1859.
 {¶ 12} In this case, Cohen first contends that his due process rights were violated because he did not receive notice of TPS' initial request for redetermination by the director. While we agree that it would seem prudent, nothing in the statutory scheme provides for such notice. Nevertheless, due process does not require notice at this level since no new information is being added. The request is simply for the director to reexamine the facts and circumstances already presented. Notice is provided for the redetermination and appeal from that decision is then made to the Review Commission. See R.C. 4141.28(J). At this level, the review is de novo, meaning that both parties may attend the hearing and submit whatever new evidence they wish. Since this level preserves the claimant's right to respond to the employer's arguments, due process is protected.
 {¶ 13} Although Cohen may not have received notice of the July request for redetermination, he did get notice of the director's decision and was able to appeal that decision to the Review Commission. A hearing was held with sworn testimony and Cohen was permitted to make his arguments. Therefore, there was no due process violation even if Cohen was not apprised of TPS' request for redetermination.
 {¶ 14} Cohen also argues that because the director issued his decision beyond the 21 day time frame in R.C. 4141.281(B), the commission lost jurisdiction over his case. We agree with the trial court that, even if the decision was issued later than 21 days, the statutory scheme then automatically vests jurisdiction with the commission. See OAC 4141-27-09(3). Since Cohen was never foreclosed from any of the appeal procedures, we conclude that any error in the late decision issued by the director was cured by the subsequent de novo review by the commission. Therefore, Cohen was not prejudiced in his appeal.
 {¶ 15} Turning now to the substantive issue of whether Cohen was entitled to benefits, R.C. 4141.29 provides in pertinent part:
 {¶ 16} "Each eligible individual shall receive benefits as compensation for loss of remuneration due to involuntary loss or partial unemployment in the amounts and subject to the conditions stipulated in this chapter.
 {¶ 17} "* * *
 {¶ 18} "(I)(1) * * *
 {¶ 19} "(a) Benefits based on service in an instructional, research, or principal administrative capacity in an institution of higher education, as defined in division (Y) of section4141.01 of the Revised Code; or for an educational institution as defined in division (CC) of section 4141.01 of the Revised Code, shall not be paid to any individual for any week of unemployment that begins during the period between two successive academic years or terms, or during a similar period between two regular but not successive terms * * * if the individual performs such services in the first of those academic years or terms and has a contract or a reasonable assurance that the individual willperform services in any such capacity for any such institution in the second of those academic years or terms." (Emphasis added.)
 {¶ 20} R.C. 4141.29 requires a two-tiered analysis to ascertain a claimant's eligibility and qualification for unemployment compensation benefits. The preliminary concern is whether the claimant is either totally or partially unemployed as those terms are defined in R.C. 4141.01 (M) and (N). R.C.4141.01(N) provides that an "individual is `partially unemployed' in any week if, due to involuntary loss of work, the total remuneration payable to the individual for such week is less than the individual's weekly benefit amount."
 {¶ 21} The second tier is a determination of whether the claimant was provided "reasonable assurance" of employment in contemplation of R.C. 4141.29 (I)(1)(b).
 {¶ 22} Former R.C. 4141.29(I)(2) defined the term "reasonable assurance" as a "written, verbal, or implied agreement that the employee will perform services in the same or similar capacity during the ensuing academic year or term." That section, however, was amended to delete any reference to a definition of "reasonable assurance," and now provides:
 {¶ 23} "No disqualification will be imposed, between academic years or terms or during a vacation period or holiday recess under this division, unless the administrator or his deputy has received a statement in writing from the educational institution or institution of higher education that the claimant has a contract for, or a reasonable assurance of, reemployment for the ensuing academic year or term." R.C. 4141.29(I)(2).
 {¶ 24} Since substitute teaching assignments are subject to many variables, it would be very difficult for a board of education to be precise about the number of assignments that a substitute teacher might expect in the following school year.Nohl v. Canton City Bd. of Educ., (Aug. 8, 1979), 5th Dist. No. CA-5088. The statutory scheme only requires that the employee be given reasonable assurance of reemployment for the following year. Since the very nature of substitute teaching entails sporadic assignments, reasonable assurance of such a position necessarily precludes assurance of any minimum amount of employment or wages.
 {¶ 25} In this case, the evidence presented was that the board provided evidence to the director that Cohen was given written notice on his last paycheck for the 2002 school year of "reasonable assurance" of being employed as a substitute teacher for the following school year. Cohen was, in fact, placed on the substitute teacher list for the 2002-2003 school year and, thus, had every expectation of being called in as assignments became available. While we empathize with Cohen in that his teaching assignments may have varied or even declined from one year to the next, employment as a substitute teacher carries no guarantee of full-time pay or daily assignments. Therefore, Cohen was not eligible for either total or partial unemployment benefits during the summer break between school years.
 {¶ 26} We now turn to the Cohen's argument that because of the errors complained of he should not be required to repay the benefits paid to him prior to the director's redetermination and denial of benefits. R.C. 4141.35(B) states:
 {¶ 27} "(B) If the director finds that an applicant for benefits has been * * * paid benefits to which the applicant was not entitled for reasons other than fraudulent misrepresentation, the director shall:
 {¶ 28} "(1)(a) Within six months after the determination under which the claimant was * * * paid benefits becomes final * * * or within three years after the end of the benefit year in which such benefits were claimed, whichever is later, by order * * * require that such benefits be repaid to the director or be withheld from any benefits to which such applicant is or may become entitled before any additional benefits are paid, provided that the repayment or withholding shall not be required where the overpayment is the result of the director's correcting a prior decision due to a typographical or clerical error in the director's prior decision, or an error in an employer's report under division (G) of section 4141.28 of the Revised Code.
 {¶ 29} "* * *
 {¶ 30} "(3) If the amounts required to be repaid under division (B) of this section are not recovered within three years from the date the director's order requiring payment became final, initiate no further action to collect such benefits and the amount of any benefits not recovered at that time shall be canceled as uncollectible. * * *"
 {¶ 31} In this case, the trial court declined to review appellant's appeal regarding the repayment of benefits on the basis that he had failed to appeal this issue to the commission. While repayment may not have been specifically delineated as a separate error, in our view, the issue was sufficiently included in the arguments set forth by Cohen to be reviewable by the trial court. Nonetheless, since we have determined that Cohen was not eligible for unemployment benefits, any such error was harmless, and the order to repay the benefits was proper. As a result, should Cohen fail to repay the amounts paid in error, the overpayment will be deducted from any future benefits payable to him within the three years after the director's decision to deny benefits; after three years, any amount still owed will be canceled.
 {¶ 32} Accordingly, appellant's two assignments of error are not well-taken.
 {¶ 33} The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Singer, J. concur.