OPINION
{¶ 1} Plaintiffs-appellants, Elonda Fuller, Victoria Reed, and Stephanie Fuller, appeal the decision of the Butler County Court of Common Pleas, affirming the decision of the Unemployment Compensation Review Commission ("Review Commission"). *Page 2 
 {¶ 2} Appellants are three sisters who, until February 14, 2005, were employed by defendant-appellee, Semma Enterprises, Inc., at its Hawthorn Glen long-term care facility. On February 14, 2005, appellants were discharged from their employment following an altercation between appellants and members of management at Hawthorn Glen. As a result, appellants filed individual applications for unemployment compensation benefits with the Ohio Department of Job and Family Services ("ODJFS").
 {¶ 3} ODJFS issued separate Initial Determinations granting unemployment compensation benefits to appellants, finding that appellants were each discharged without just cause. Appellee appealed each determination, and ODJFS issued Redeterminations affirming all three Initial Determinations. Appellee appealed the Redeterminations, and ODJFS transferred jurisdiction of the claims to the Review Commission. Upon review of the claims, the Review Commission reversed all three Redeterminations, finding that appellants were discharged for just cause. Appellants requested further review of the claims, and the Review Commission issued decisions disallowing appellants' requests for review.
 {¶ 4} On January 5, 2006, appellants appealed the Review Commission's decisions denying their claims for unemployment compensation benefits to the Butler County Court of Common Pleas. On October 6, 2006, the common pleas court affirmed the decisions of the Review Commission. Appellants appeal the common pleas court's decision, raising four assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED BY HOLDING THAT THE HEARING OFFICER'S DECISION THAT E. FULLER WAS DISCHARGED WITH JUST CAUSE WAS SUPPORTED BY THE RECORD."
 {¶ 7} In their first assignment of error, appellants argue that the record does not support the Review Commission's factual findings and decision regarding Elonda's *Page 3 
discharge. Appellants further maintain that the Review Commission's decision is unreasonable and against the manifest weight of the evidence.
 {¶ 8} R.C. 4141.29(D)(2)(a) provides that an individual is not entitled to receive unemployment benefits if that individual "has been discharged for just cause in connection with the individual's work." "`Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act.'" Irvine v. Unemp. Comp. Bd. of Review
(1985), 19 Ohio St.3d 15, 17, quoting Peyton v. Sun T.V. (1975),44 Ohio App.2d 10, 12.
 {¶ 9} "[Reviewing courts may reverse `just cause' determinations `if they are unlawful, unreasonable, or against the manifest weight of the evidence.'" Tzangas, Plakas, Mannos v. Ohio Bur. of Emp. Serv.,73 Ohio St.3d 694, 696, 1995-Ohio-206, citing Irvine at 17-18. "[W]hile appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, they do have the duty to determine whether the board's decision is supported by the evidence in the record." Tzangas at 18, citing Irvine. "This duty is shared by all reviewing courts, from the first level of review in the common pleas court, through the final appeal in [the Ohio Supreme Court]." Id.
 {¶ 10} While the conclusions of the Review Commission "as to the legal import of an essentially undisputed set of facts are entitled to some deference," the question of whether an employee was discharged with just cause is a question of law and "the reviewing court has a duty to reverse the [Review Commission's] decision if it is contrary to law."Lombardo v. Ohio Bur. Of Emp. Serv. (1997), 119 Ohio App.3d 217, 221.
 {¶ 11} We agree with the common pleas court's decision that the Review Commission's decision denying unemployment compensation benefits to Elonda was not unreasonable, arbitrary, or against the manifest weight of the evidence. According to the Review Commission's decision, Elonda was discharged for just cause in connection with *Page 4 
work. The Review Commission found that Elonda used "extreme profanity when informed that her sister had been suspended" and that she disobeyed a direct order from her supervisor to return to work.
 {¶ 12} Brian Gibboney, the Administrator of Hawthorn Glen, testified that after hearing of her sister's suspension, "[Elonda] said * * * that's fucked up. This is bullshit. And * * * I'm going to get your ass. In addition, [Elonda] hit me in the face with her finger as the whole incident was occurring." Gibboney also testified that he told Elonda that this matter didn't concern her, and that he asked her to return to work. He testified that instead of returning to work, Elonda remained with her sisters and ultimately left the premises. Further, while Elonda testified she did not use profanity, she did admit that she refused to obey Gibboney's order to return to work. Elonda testified that she did not return to work "[b]ecause [she] wanted to stay out there to see what was going on with Vickie."
 {¶ 13} As this court recently stated in Warren County Auditor v.Sexton, Warren App. No. CA2006-10-124, 2007-Ohio-7081, ¶ 35-36, citingLombardo 119 Ohio App.3d at 222, the use of profanity against a superior alone is not necessarily sufficient to constitute just cause for discharge from employment, and that words alone, unconnected to any other act of disobedience or insubordination, do not constitute just cause for discharge so as to deprive a claimant of unemployment compensation benefits.
 {¶ 14} In this case, Elonda's use of profanity toward Gibbony was not the only conduct for which she was discharged. In addition, Elonda made threatening statements to Gibbony and was insubordinate when Gibbony ordered her to return to work. Further, the record indicates that Elonda's conduct occurred at her place of employment, while she was on the clock. Taken together, we find that this evidence supports the decisions of the Review Commission and the common pleas court that Elonda was discharged with just cause for conduct in connection with work. Consequently, the common pleas court did not err in *Page 5 
finding that the Review Commission's decision was not unlawful, unreasonable, or against the manifest weight of the evidence, and that Elonda was discharged with just cause in connection with work, and therefore, was not entitled to unemployment benefits.
 {¶ 15} Appellants' first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "THE TRIAL COURT ERRED BY HOLDING THAT THE HEARING OFFICER'S DECISION THAT REED WAS DISCHARGED WITH JUST CAUSE WAS SUPPORTED BY THE RECORD."
 {¶ 18} In their second assignment of error, appellants argue that the record does not support the Review Commission's factual findings and decision regarding Reed's discharge. Appellants further maintain that the Review Commission's decision is unreasonable and against the manifest weight of the evidence.
 {¶ 19} We agree with the common pleas court's decision that the Review Commission's decision denying unemployment compensation benefits to Reed was not unreasonable, arbitrary, or against the manifest weight of the evidence. According to the Review Commission's decision, Reed was discharged for just cause in connection with work. The Review Commission found when Reed was notified of the suspension, she called her direct supervisor, Cathy Baldwin, a "fucking bitch" in the presence of Gibbony, and attempted to instigate the conflict between her sisters and management.
 {¶ 20} Gibbony testified that he suspended Reed for failing to inform management that the kitchen was short staffed after she had received verbal and written warnings for failing to do so on a previous occasion. Gibbony testified that after being suspended, Reed went to the kitchen and told her sisters that "the fucking bitch [Baldwin] suspended me. [I]t's her fucking fault * * *" Also, Reed testified that she did use the word "bitch" during the incident. Further, the evidence indicates that the incident escalated into a physical dispute, where at *Page 6 
least one person hit Gibbony in the face, pushed him, grabbed his shirt, and threw objects at him.
 {¶ 21} After reviewing the record, we find that this evidence supports the decisions of the Review Commission and the common pleas court that Reed was discharged with just cause for conduct in connection with work. Consequently, the common pleas court did not err in finding that the Review Commission's decision was not unlawful, unreasonable, or against the manifest weight of the evidence, and that Reed was discharged with just cause, and therefore, was not entitled to unemployment benefits.
 {¶ 22} Appellants' second assignment of error is overruled.
 {¶ 23} Assignment of Error No. 3:
 {¶ 24} "THE TRIAL COURT ERRED BY HOLDING THAT THE HEARING OFFICER'S DECISION THAT S. FULLER WAS DISCHARGED WITH JUST CAUSE WAS SUPPORTED BY THE RECORD."
 {¶ 25} In their third assignment of error, appellants argue that the record does not support the Review Commission's factual findings and decision regarding Stephanie's discharge. Appellants further maintain that the Review Commission's decision is unreasonable and against the manifest weight of the evidence.
 {¶ 26} We agree with the common pleas court's decision that the Review Commission's decision denying unemployment compensation benefits to Stephanie was not unreasonable, arbitrary, or against the manifest weight of the evidence. According to the Review Commission's decision, Stephanie was discharged for just cause in connection with work. The Review Commission found that Stephanie "used extreme profanity towards * * * Gibbony" when she heard about Reed's suspension.
 {¶ 27} Gibbony testified that when Reed told her sisters about the suspension, all of the sisters used profanity. Further, Gibbony testified that "Stephanie [threw] a glass[es] case *Page 7 
at me [that hit] me on the shoulder" and that she then told Gibboney to "get her fucking glasses." Gibbony explained that as he was picking them up, Stephanie started "pulling on [his] shirt." Gibbony also testified that Stephanie told him, "I'm going to get your ass." During her testimony, Stephanie denied cursing at Gibbony, but did admit that she hit him with her fists, threw her glasses at him, and grabbed his shirt because she was angry with him. In addition, Mary Ann Vice, a nurse at Hawthorn, testified that she heard Stephanie cursing at Gibbony and that she saw Stephanie throw an object at him.
 {¶ 28} Appellants argue that Stephanie was not discharged for conduct in connection with work, because she had already finished her work for the day and had already clocked out when the incident began. However, this incident took place at Stephanie's place of employment, and the record indicates that Stephanie cursed at, hit, and threw something at Gibbony, who was her superior. Accordingly, we find that Stephanie's conduct was in connection with work.
 {¶ 29} After reviewing the record, we find that this evidence supports the decisions of the Review Commission and the common pleas court that Stephanie's conduct constitutes just cause for her discharge for her conduct in connection with work. Consequently, the common pleas court did not err in finding that the Review Commission's decision was not unlawful, unreasonable, or against the manifest weight of the evidence, and that Stephanie was discharged with just cause, and therefore, was not entitled to unemployment benefits.
 {¶ 30} Appellants' third assignment of error is overruled.
 {¶ 31} Judgment affirmed.
 YOUNG, P.J., and POWELL, J., concur. *Page 1